# Kerwin *v.* American Railway Express Co., Appellant.

*Workmen's compensation—Loss of use of arm—Decrease in earning power—Evidence of injury—Review of evidence on appeal—Act of June 26, 1919, P. L. 642.*

1. On appeal from order of the common pleas confirming an award of the Workmen's Compensation Board, it is the duty of the appellate court, under the Act of June 26, 1919, P. L. 642, to consider whether there is evidence to support the findings of the board, and if so, whether the law has been properly applied.

2. The evidence in this case was held sufficient to support the findings of the board, and of the court below, of increased disability resulting in the loss of the use of claimant's arm.

3. If an injury results in the permanent loss of the use of an arm, compensation for such loss cannot be avoided by showing the claimant's ability to earn as much in another occupation not requiring the use of the injured member.

4. While loss of earning power may be evidence tending to show the extent of injuries, yet the mere fact that earning power has not decreased, will not prevent recovery for injuries actually sustained.

Argued January 6, 1922.   Appeal, No. 78, Jan. T., 1922, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1921, No. 8274, confirming decision of Workmen's Compensation Board, in case of John Kerwin v. American Railway Express Co.   Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Appeal from decision of Workmen's Compensation Board affirming award of referee.

The opinion of the Supreme Court states the facts.

Decision affirmed.   Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Wm. A. Schnader,* with him *Thomas DeWitt Cuyler,* for appellant.—Whether or not the evidence can possibly sustain the finding that claimant has lost the use of his arm within the meaning of the Workmen's Compensation Act of 1915, is a question of law which this court can consider: Stahl v. Watson Coal Co., 268 Pa. 452.

Claimant is equipped mentally and by experience to perform work at which the limited use which he has of his arm would be serviceable to him, and defendant should not be held liable for total disability of use of arm.

*Isaac M. Price,* for appellee, cited: Pater v. Steel Co., 263 Pa. 244.

OPINION BY MR. JUSTICE FRAZER, February 20, 1922:

Plaintiff was injured July 19, 1919, while in defendant's employ as a "trucker," and, under an agreement with defendant, received disability compensation until October 4, 1920, at which time he filed a petition for additional compensation, alleging his disability had increased to such extent as to result in the loss of the use of his right arm for industrial purposes.   Defendant, on

the other hand, presented its petition alleging the disability of plaintiff had decreased sufficiently to permit him to do clerical work, but that he refused to seek such employment. The referee found as a fact that plaintiff had lost the use of his right arm and allowed full compensation. This award was affirmed by the compensation board and also the court below. Defendant appealed. Under the Act of June 26, 1919, P. L. 642, and the decisions of this court in Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, and Strohl v. Eastern Penna. Ry. Co., 270 Pa. 132, it is our duty to consider whether there is evidence to support the findings of the board and, if so, whether the law has been properly applied.

We find no substantial dispute as to the facts. At the time of his injury plaintiff was engaged as a trucker on one of defendant's trucks which required him to handle boxes and packages in loading and unloading shipments of goods. As a result of an accident occurring in the course of his employment, he sustained a fracture and dislocation of his right arm at the shoulder joint. The union was imperfect and an operation was required for the purpose of increasing his range of movements at the shoulder. The limit of movement since the operation is to raise the injured hand as high as his forehead, the scope of motion in the shoulder being but ten per cent of normal. Two doctors testified this condition is a permanent one and prevents the use of the arm in manual labor. Plaintiff has, to some extent, the use of his hand to write but can only do so if the arm is supported in a particular position. To pick an article from the floor he is required to assume a stooping position with his knees on the floor. The evidence of the doctors is that plaintiff "is still and will remain permanently disabled in his shoulder joint." This, and other testimony before us, is ample to support the findings of the board, and of the court below, of increased disability resulting in the loss of the use of his arm.

It is conceded plaintiff is not able to pursue the occupation he followed at the time of receiving injury or perform other manual work requiring the use of his arm. Defendant contends, however, he has the use of his hand and forearm and is fitted for clerical or other work requiring but slight use of the right arm and, accordingly, is not entitled to compensation for a total loss. Followed to its logical conclusion the argument is that if plaintiff was able to earn, at another occupation for which he is fitted, as much as, or more than, he was earning at the time of the injury, he is not entitled to receive compensation for loss of the use of his arm. If such were the case, compensation would depend not upon the nature and extent of the injury but wholly upon the extent of reduction of earning power, and defendant's liability would in each case depend upon its ability to establish that a claimant who had been engaged in manual work could, by changing his occupation, earn as much or more than he had earned in the past, notwithstanding the total loss of an arm, leg, eye or other member of his body. In our opinion such conclusion would entirely change the intent and purpose of the Workmen's Compensation Acts. The compensation provided for under the provisions of the act is for injury sustained. While loss of earning power may be evidence tending to show the extent of injuries, the mere fact that earning power has not decreased will not prevent recovery for injuries actually sustained. If an injury results in amputation of an arm or leg compensation for such loss cannot be avoided by showing the victim's ability to earn as much in another occupation not requiring the use of the missing member. The undisputed evidence in the case warrants the finding of the compensation board and the court below.

The judgment is affirmed.