Petrulo *v.* M. O'Herron Company et al., Appellants.

164

Argued April 14, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Samuel G. Wagner,* of *Wagner & Wagner,* with him *George Y. Meyer* and *L. A. Nunnink,* for appellants.

*Fred J. Jordan,* and *Murray J. Jordan,* with them *John D. McIntyre,* for appellee.

*David L. Ullman,* Chairman, Workmen's Compensation Board, filed a brief amicus curiae on the question of interest only.

OPINION BY KELLER, P. J., July 10, 1936:

This is a workman's compensation case. The referee, whose findings of fact were approved by the Board on appeal, found, in substance, that on September 23, 1933, while the claimant was employed by, and working as a laborer for, the defendant, M. O'Herron Company, his left foot slipped and he fell against the convex side of a thirty inch sewer pipe which he was engaged in rolling, and struck, with considerable violence, the region of his left breast. Immediately following the accident he was confined to his bed for a period of five weeks and, ever since, has been totally disabled. At the time of the accident he was suffering from a disease which had affected his heart and circulatory system and the blow from the fall produced a rupture of the aorta, resulting in an aneurism of the aorta which forbids any physical exertion on his part. The medical testimony produced on behalf of the claimant and the defendant, respectively, was conflicting, but the evidence of the physician called by the claimant and of the impartial medical expert called by the referee supported the finding that the blow received at the time of the accident had aggravated and accelerated his pre-existing condition and produced the aneurism which required him to forego all physical exertion. There was, therefore, competent medical testimony establishing the causal connection between the accident and his present condition, and the finding of the referee on this question of fact, approved by the Board, is not subject to review by the courts.

So, too, the referee's finding of claimant's total disability, approved by the Board, is likewise supported by the evidence and not subject to review by us. Dr. Mackrell testified that the claimant can do no work that requires any physical exertion. His suggestion that "He could be a watchman or stand and wave a flag", did not require the referee, in the light of all the testimony,

to hold that claimant's disability is partial rather than total. Claimant was a manual laborer, not a clerk or office employe. If, as appears in the case, any physical exertion by him is likely to cause a rupture of the aneurism, and result in his death, his disability is to be regarded as total, until it is shown that he has engaged in some occupation not requiring physical exertion—See Butler v. Metropolitan Life Ins. Co., 122 Pa. Superior Ct. 159, 186 A. 395. We know of no employment open to a man, even as a watchman, or waving a red flag, which is free of all physical exertion.

The court, in entering judgment for the claimant,[1] erroneously stated that interest was *compounded* on the compensation payments due and payable at that time. We think it was merely a slip for 'computed', and that simple interest, only, was added, but this circumstance has led appellant to raise the question, not only of compound interest, but also of the date from which interest should be computed. In Morris v. Bulletin Co., 110 Pa. Superior Ct. 377, 168 A. 777, we used what was, perhaps, an unfortunate illustration in construing section 5 of the Act of April 13, 1927, P. L. 186, amending section 410 of the Workmen's Compensation Act, as amended on June 26, 1919, P. L. 642. If confined to the facts of that particular case, it was all right, and a reference to what was actually done, on the return of the record in that case, would perhaps have made it more clear. But some employers and insurance carriers have mistakenly interpreted the decision as holding that interest is only allowable where an appeal has been taken, and is, then, to be computed from the date of taking the appeal. We made no such ruling, which would be directly contrary to the provisions of the Act of 1927, supra, on the subject.

---

[1] See opinion by Judge CUNNINGHAM filed this day in Graham v. Hillman Coal & Coke Co., 122 Pa. Superior Ct. 579, 186 A. 400, as to the judgment to be entered in compensation cases.

The Act of 1927 provides that whenever any claim, other than of non-resident aliens, is presented to the board and is finally adjudicated in favor of the claimant, the amounts of compensation actually due at the time the first payment is made after such adjudication, shall bear interest at the rate of six per centum per annum. It applies to all claims presented to the Board, whether an appeal is taken or not.

Under section 306 (d) of the Workmen's Compensation Act, as amended in 1927 (Act of April 13, 1927, P. L. 186, p. 194) compensation is allowable seven days after disability begins. The first weekly payment is due seven days thereafter, or fourteen days after disability began. This would seem to be the date from which interest on the compensation awarded should begin. But by section 430, as amended by the Act of June 26, 1919, P. L. 642, p. 669—which was a re-enactment, in part, of section 431 of the Workmen's Compensation Act of 1915, p. 756,—it is provided: "If the final decision on appeal shall sustain the award, it shall be the duty of the employer by whom such award is payable to make payments of compensation as from the date of the original award. If on appeal the award is sustained as to a part, it shall be the duty of the employer by whom such part is payable to make payments as from the date of the original award."

Does the expression 'date of the original award' mean the date of filing the referee's order awarding compensation, or the date from which the award of compensation was to begin? In the present case the order awarding compensation was filed August 14, 1934, but it awarded compensation beginning September 30, 1933 —seven days after disability began. We think the 'date of the original award' means September 30, 1933, the date from which the award was to begin or have its origin. That was the date of the first or original award of compensation as fixed by the order of the referee

filed August 14, 1934. Any other construction would put a premium on the employer's, or insurance carrier's, contesting and delaying an award. In view of the liberal and humanitarian purposes of the Act, we cannot adopt such a construction. We think the purpose of the provision of the Act of 1927 relating to interest, is to put the claimant, when his right to compensation is finally adjudicated in his favor, in the same position as if no contest had been made, considering interest at six per cent equivalent to the loss of the use of the money: Morris v. Bulletin Co., supra.

Hence in this case, when the first payment of compensation, following the final adjudication in the claimant's favor, is made it should include all the instalments of compensation due to that date, together with simple interest at six per cent per annum from the respective dates the weekly instalments were payable. Compensation began September 30, 1933. The first instalment would be due and payable one week later, on October 7, 1933. Hence interest on the first instalment is to be calculated from October 7, 1933; on the second from October 14, 1933; on the third from October 21, 1933; on the fourth from October 28, 1933, and so on, thus making "allowance for interest on the compensation payments from the [respective times] they ought to have been paid." McGee v. Youghiogheny & Ohio Coal Co., 121 Pa. Superior Ct. 85, 94, 182 A. 773.

The judgment of the court below is modified to the extent indicated in this opinion and as thus modified it is affirmed.