## Shoop, Appellant, v. Chambersburg Baking Company.

Argued December 10, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Edward C. First, Jr.*, with him *McNees, Wallace & Nurick*, for appellant.

*Daniel W. Long*, for appellee.

OPINION BY WRIGHT, J., March 18, 1959:

On July 19, 1938, Merle R. Shoop, an employe of the Chambersburg Baking Company, was cleaning a

large dough mixer. He accidentally struck the starter switch and was pulled into the moving machinery. As a result, both of his legs were severely mangled requiring amputation at mid-thigh. On August 3, 1938 a compensation agreement was executed which provided for compensation at the rate of $12.00 per week under Section 306(a) of The Pennsylvania Workmen's Compensation Act.[1] Payments were made in accordance with this agreement for a period of 500 weeks. Thereafter, in accordance with the terms of the amendment which was in effect on the date of the accident,[2] payments were continued at the rate of $30.00 per month. On December 3, 1956, the employer presented a petition for termination on the ground that Shoop was no longer totally and permanently disabled. The Referee dismissed the petition and ordered the monthly payments continued. The decision of the Referee was affirmed by the Board. The court below sustained the employer's exceptions, and entered judgment in its favor. Shoop has appealed.

The record discloses that, following the accident, appellant worked at various times as a baby sitter, making bookracks in a welfare shop, repairing watches, and as a fire-control instrument mechanic. He subsequently moved to California and, on October 5, 1954, secured employment at the Travis Air Force Base as an instrument installer and overhauler at an average weekly wage of $85.20. In performing his duties, appellant uses artificial legs, presently requiring replacement at a cost of $850.00. He drives an automobile requiring special equipment, one item of which is power units for the brakes which cost $465.00. The employer's position, sustained by the court below, is that, since

---

[1] Act of 1915, P. L. 736, as amended, 77 P.S. 1 et seq.

[2] Act of June 4, 1937, P. L. 1552, effective January 1, 1938. See Historical Note under 77 P.S. 511.

appellant is now gainfully employed and earning wages exceeding those earned at the time of the accident, he is no longer totally and permanently disabled.

Appellant's right to compensation is contractual, and must be determined by the provisions of the statute which were in effect at the time the accident occurred. Cf. *Mavroulias v. Mugiana,* 155 Pa. Superior Ct. 573, 39 A. 2d 263; *Schrecengost v. Heilman Trucking Co.,* 174 Pa. Superior Ct. 299, 101 A. 2d 417. Section 306(a) at that time provided as follows: ". . . Should total disability become permanent, then, in addition to the compensation provided for 500 weeks, and beginning at the expiration of the 500 weeks, the sum of thirty dollars per month shall be payable during such permanent total disability prior to death . . . Nothing in this clause shall require payment of compensation after disability shall cease". Section 306(c) at that time provided as follows: ". . . Unless the board shall otherwise determine, the loss of both hands or both arms or both legs or both eyes shall constitute permanent total disability, to be compensated according to the provisions of clause (a) . . ."

Our decisions have consistently adhered to the proposition that compensation for specific losses under Section 306(c) is governed by different principles than compensation for total and partial disability under Sections 306(a) and 306(b). For all injuries, except those which fall within Section 306(c), the statute provides compensation according to the nature of the resulting disability. For the class of injuries within the purview of Section 306(c) the statute provides compensation according to the nature of the injury, and the degree of disability which may result therefrom is immaterial. See *Lente v. Luci,* 275 Pa. 217, 119 A. 132; *Ciotti v. Jarecki Mfg. Co.,* 128 Pa. Superior Ct. 233, 193 A. 323. The economic consequence of a specific loss

under Section 306(c) has no bearing on the right to compensation for that injury: *Kerwin v. American Railway Express Co.*, 273 Pa. 134, 116 A. 655. Section 306(c) contemplates payment for the permanent injuries specified without considering, but including, any disability, whether total, partial, or none at all: *Nolan v. Hake*, 178 Pa. Superior Ct. 593, 115 A. 2d 780; *Camizzi v. Fraim Lock Co.*, 151 Pa. Superior Ct. 3, 29 A. 2d 425; *Parks v. Susquehanna Collieries Co.*, 149 Pa. Superior Ct. 535, 27 A. 2d 481; *Croll v. Miller*, 133 Pa. Superior Ct. 448, 2 A. 2d 527; *Savolaine v. Matthew Leivo & Sons*, 131 Pa. Superior Ct. 508, 200 A. 243; *Kessler v. North Side Packing Co.*, 122 Pa. Superior Ct. 565, 186 A. 404.

The court below drew a distinction between physical and economic disability, and took the position that the term permanent total disability in Section 306(c) meant "total permanent physical disability with economic consequences". Apparently recognizing that, regardless of economic consequences, the loss of both legs was compensable during the first 500 weeks under Section 306(a), the lower court stated: "We do not find, however, in the case of the present statute where disability extends beyond the five hundred weeks and the question involves payments of $30.00 per month thereafter that the same rule was intended by the legislature to apply". In order to reach this conclusion it is necessary to hold that the legislature intended the term total permanent disability to have different meanings at different places in the same section. We are all of the opinion that this interpretation of the statute cannot be sustained. As pointed out by President Judge KELLER in *Rutledge v. Daley's Transfer Co.*, 152 Pa. Superior Ct. 118, 31 A. 2d 366, the provision in Section 306(a) that payment of compensation shall not be required after disability shall cease refers to situations

wherein total disability has resulted from injuries which may be ameliorated or cured by time and treatment, but "should not be applied to a situation where the Act has expressly declared that, for the purpose of determining the amount of compensation payable, such permanent loss shall constitute total disability".

At the hearing before the Referee appellant made the following pertinent inquiry: "In other words, if I was a man that was sitting back on the chair some place and not even bothering hunting a job and trying to do anything at all, then I'd be entitled to thirty dollars a month?" Our answer to this inquiry is: "We do not think the legislature intended to penalize him because he had the industry and ambition to find employment".[3] This fortunate circumstance does not affect appellant's right to compensation under Section 306(c) for the amputation of his legs. Cf. *Morrow v. Murray & Sons*, 136 Pa. Superior Ct. 277, 7 A. 2d 109; *Williams v. Warner Bros. Theatres*, 128 Pa. Superior Ct. 101, 193 A. 366.

Judgment reversed and petition for termination dismissed.

---

[3] JOHNSTONE, J. in *Zimmerman v. Pennsylvania Farm Bureau Cooperative Assn.*, 14 D. & C. 2d 245.