Dolores Ann Miller, Petitioner *v.* Workmen's Compensation Appeal Board (Atlas Powder Company), Respondents.

Submitted on briefs September 12, 1983, to President Judge CRUMLISH, JR. and Judges BARRY and BLATT, sitting as a panel of three.

*Robert P. Boychak, Law Office of Steven Kachmar,* for petitioner.

*Charles M. Miller, Rubright, Domalakes, Troy & Miller,* for respondent, Atlas Powder Company.

OPINION BY JUDGE BLATT, October 21, 1983:

Dolores Ann Miller (claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's dismissal of her claim petition.

The claimant was employed by the Atlas Powder Company (employer) for approximately twenty-three (23) years until she resigned on September 13, 1974. On March 11, 1976, she filed a claim petition seeking

total disability benefits as a result of a back injury allegedly sustained on the date of her resignation. The referee found that she had failed to communicate her alleged injury to an agent of the employer within the statutory time limit mandated by Section 311 of The Pennsylvania Workmen's Compensation Act.[1] Concluding that the testimony of Dr. Richard K. White, the medical witness for the employer, was more credible than the testimony of the claimant's medical witness, the referee also found that she was not totally disabled. She appealed to the Board which affirmed the referee without hearing additional evidence.

Our scope of review in a workmen's compensation case where the party with the burden of proof[2] did not prevail below and where the Board took no additional evidence is to determine whether or not the referee as fact finder capriciously disregarded competent evidence, leaving to the referee questions of credibility and the resolution of conflicts in testimony. *Cooper v. Workmen's Compensation Appeal Board*, 49 Pa. Commonwealth Ct. 488, 411 A.2d 859 (1980).

The claimant argues here that the record does not contain substantial evidence in support of the ref-

---

[1] Section 311 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §631.

Section 311 provides, in part:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe . . . shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. . . .

[2] A workmen's compensation claimant has the burden of proving all elements necessary to support an award by substantial evidence. *Novaselec v. Workmen's Compensation Appeal Board*, 16 Pa. Commonwealth Ct. 550, 332 A.2d 581 (1975).

eree's conclusion that timely notice was not received by the employer. Whether or not the employer received notice of the injury or had actual knowledge of the injury pursuant to Section 311 of the Act, 77 P.S. §631 is, of course, a question of fact for the referee. *Travelers Insurance Co. v. Workmen's Compensation Appeal Board (Levine)*, 68 Pa. Commonwealth Ct. 24, 447 A.2d 1116 (1982). And this section mandates that, if the employer has neither actual knowledge nor notice of an injury within one hundred and twenty days of its occurrence, compensation must be barred. *Canterna v. United States Steel Corp.*, 12 Pa. Commonwealth Ct. 579, 317 A.2d 355 (1974). Moreover, it has been held that judicial construction may not serve to extend the period for giving notice in the absence of fraud by the employer or prejudice to the employee, neither of which were asserted here. *Id.*

The claimant argues that she conveyed the fact of her on-the-job injury to a number of supervisory employees on the date of its occurrence on September 13, 1974. Yet none of these supervisory employees testified in support of her assertion; on the contrary, it is undisputed that she had a history of back problems, and that each of the supervisory employees to whom she claims to have reported the alleged work injury knew of this medical history. Further, each such supervisory employee testified at the hearing before the referee that the claimant left work on September 13, 1974 after complaining merely that her back hurt. In addition, no documents, which would normally have been filed if an injury had been reported as having occurred at work that day were processed. The referee was convinced, therefore, that the employer did not receive notice of the alleged injury until March 11, 1976 when the claimant filed her claim petition, which was long after the 120 day time period had run. And, after a thorough review of the record, we cannot say

that the referee capriciously disregarded any competent evidence.

Inasmuch as the claimant failed to provide her employer with timely notice as mandated under Section 311 of the Act, her claim is barred, and we need not discuss whether or not she suffered any disability.

Accordingly, the decision of the Workmen's Compensation Appeal Board is affirmed.

ORDER

AND Now, this 21st day of October, 1983, the order of the Workmen's Compensation Appeal Board, dated August 2, 1982, is affirmed.