540 A.2d 1380

Steve Hutz, Petitioner *v.* Workmen's Compensation Appeal Board (Stefanak & Son), Respondents.

Submitted on briefs January 19, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Richard G. Spagnolli, Caroselli, Spagnolli & Beachler*, for petitioner.

*J. Lawson Johnston, Dickie, McCamey & Chilcote, P.C.*, for respondent, Stefanak & Son.

OPINION BY JUDGE PALLADINO, May 13, 1988:

Steve Hutz (Petitioner) appeals from an order of the Workmen's Compensation Appeal Board (Board)

amending the referee's order to reflect that compensation for Petitioner's specific loss award became due and payable on November 5, 1982 and not May 2, 1974, and assessing statutory interest as of November 5, 1982. We affirm.

Petitioner was employed by Stefanak and Son (Employer) as a sheet metal welder. On February 20, 1973, Petitioner sustained a crushing injury to his right hand and four fingers during the course of his employment. As a result of this injury, Petitioner received workmen's compensation from February 21, 1973 to October 28, 1973 pursuant to a Notice of Compensation Payable. On October 29, 1973 Petitioner returned to work. Petitioner worked for approximately two months and was then laid off by Employer.

On October 15, 1982, Petitioner filed a modification petition alleging that as a result of the injury on February 20, 1973, he had lost the use of 100% of his right index, middle, ring and little finger for all practical intents and purposes. On January 25, 1985, the referee granted Petitioner's modification petition.

The referee found that in a report submitted by Dr. McClain on April 30, 1974 and received by Employer on May 2, 1974, Dr. McClain stated that it was his opinion that Petitioner "had approximately 50% permanent physical impairment and loss of physical function in each individual finger." Finding of fact no. 11. On the basis of this report, the referee found that Employer had notice of Petitioner's losses of use on April 30, 1974. Finding of fact no. 13. Also, the referee concluded as a matter of law that Employer had proper notice of Petitioner's specific losses on or about May 2, 1974. Conclusion of Law no. 7. The referee awarded Petitioner compensation payable from May 2, 1974 and assessed interest as of that date.

Employer appealed the referee's award alleging that the evidence did not support the referee's finding that

Employer had notice of Petitioner's losses of use on April 30, 1974 and that the referee's conclusion of law that Employer had notice on or about May 2, 1974 was in error. The Board concluded that Dr. McClain's report was not sufficient competent evidence to support the referee's finding that Employer had notice of Petitioner's losses of use on April 30, 1974. The Board concluded that Employer did not have notice of Petitioner's specific loss claim until Petitioner filed his modification petition on October 15, 1982. The Board amended the referee's order accordingly, making compensation for Petitioner's specific loss award due and payable on November 5, 1982, and assessing statutory interest as of November 5, 1982.

On appeal to this court,[1] Petitioner contends that the Board erred in amending the referee's order. Petitioner contends that Dr. McClain's report constitutes substantial evidence to support the referee's finding that Employer received notice on April 30, 1974. Petitioner maintains that compensation should be payable beginning May 2, 1974 and that interest should be assessed as of May 2, 1974.

Section 406.1 of The Pennsylvania Workmen's Compensation Act (Act),[2] provides that "the first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employe's disability." Section 406.1 further provides that "interest shall accrue on all due and unpaid compensation at the rate of ten per centum per annum."

---

[1] Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bailey v. Workmen's Compensation Appeal Board (Lawton Feed & Supply, Inc.)*, 105 Pa. Commonwealth Ct. 106, 523 A.2d 415 (1987).

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §717.1.

Thus, interest begins to accrue 21 days after the employer has notice of the employee's disability. *Lastoka v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 310, 413 A.2d 481 (1980).

The issue before us in this case is when exactly did Employer have notice of Petitioner's specific loss claim. Certainly, Employer had notice of Petitioner's specific loss claim on October 5, 1982 when Petitioner filed his modification petition alleging that he had lost 100% use of each of his four fingers for all practical intents and purposes. The question is whether the Employer had notice of Petitioner's specific loss claim before the modification petition was filed.

Whether or not an employer has received adequate notice is a question of fact for the referee. *Miller v. Workmen's Compensation Appeal Board (Atlas Powder Company),* 78 Pa. Commonwealth Ct. 22, 466 A.2d 787 (1983). A finding of notice will be upheld if supported by substantial evidence. *Beaver Supermarket. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 505, 424 A.2d 1023 (1981). We have carefully reviewed the record and conclude that there is *not* substantial evidence to support the referee's finding that Employer had notice of Petitioner's specific loss claim before the modification petition was filed.

The notice requirement of section 311 of the Act,[3] is met when the employer has knowledge of a *compensable* injury. *Van Patton v. Workmen's Compensation Appeal Board (Scott Paper Company),* 86 Pa. Common-

---

[3] 77 P.S. §631. Section 311 of the Act provides in pertinent part:

> Unless the employer shall have knowledge of the occurrence of the injury, or unless the employer or someone in his behalf . . . shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until notice is given. . . .

wealth Ct. 538, 485 A.2d 541 (1984). In order to be compensable under the specific loss provisions of the Act, a loss of use of a body part must be for all practical intents and purposes. *Burkey v. Workmen's Compensation Appeal Board (North American Rockwell)*, 80 Pa. Commonwealth Ct. 540, 471 A.2d 1325 (1984). A loss of 50% of the usefulness of a body part is not compensable as a loss of one-half of the body part. *Id.*

Petitioner contends that one sentence in Dr. McClain's report of April 30, 1974 provided Employer with notice of Petitioner's specific loss claim. Dr. McClain stated, "On the basis of the limited motion that is now present in the fingers, I feel that each digit has approximately 50% of physical impairment and loss of physical function of each individual finger." Applying the principles set out in *Burkey,* the 50% loss of function described by Dr. McClain is not compensable under the specific loss provisions of the Act. Thus, Dr. McClain's statement did not give Employer notice of a compensable injury.

Dr. McClain's report did not put Employer on notice that Petitioner had lost the use of his four fingers for all practical intents and purposes. The report does not state that Petitioner was unable to work because of his injury. In fact, the report indicates that Petitioner had more movement in 3 of his fingers than he did when he was examined by Dr. McClain in September of 1973, at which time Petitioner was working for Employer. As far as Employer knew, the only reason that Petitioner was not working was because he was laid off.

Thus, we conclude that there was not substantial evidence to support the referee's finding that Employer had notice of Petitioner's specific loss claim before Petitioner filed his modification petition. Accordingly, we affirm the order of the Board awarding Petitioner compensation and interest from November 5, 1982, which

is 21 days from the date the modification petition was filed and Employer had notice of Petitioner's specific loss claim.

ORDER

AND NOW, May 13, 1988, the decision of the Workmen's Compensation Appeal Board in the above-captioned case is affirmed.

---

DISSENTING OPINION BY SENIOR JUDGE BARBIERI:

I must disagree with the view of the majority and that of the referee and the Board as to the interest payable on the Claimant's weekly benefits for specific loss of four fingers of his right hand.

First of all, there is no statutorily authorized basis for discontinuing payments which were instituted here by notice of compensation payable. There is no basis for a referee *sua sponte* to grant a suspension which it is the burden of the employer to establish.[1] This being so, there can be no suspension of interest that would otherwise be due. The question remains then as to when interest began to run. In my view, interest begins to run when payments become due and payable. In workmen's compensation cases from early times interest runs on payments from the respective due dates of each of such payments. *Petrulo v. O'Herron Co.*, 122 Pa. Superior Ct. 163, 168, 186 A. 397 (1936). *See Graham v. Hillman Coal & Coke Co.*, 122 Pa. Superior Ct. 579, 186 A. 400 (1936).

---

[1] Indeed, unilateral withholding of benefits, prohibited in Section 413(b), 77 P.S. §774.1, under penalties in Section 435(d)(i), 77 P.S. §991, "triggers the penalty provision at Section 435(d)(i)," requiring imposition by the Court of the 10% penalty, up to 20%, *plus accrued interest* which was due during the period of wrongfully suspended benefits. *M. A. Bruder & Son v. Workmen's Compensation Appeal Board (Harvey)*, 86 Pa. Commonwealth Ct. 353, 485 A.2d 93 (1984).

The question remains: what are the due dates on the payments for the specific losses awarded here? The referee has found, and quite appropriately, that there was a period of temporary total disability separate and apart from the specific losses sustained by the claimant, and the statute is clear that the specific loss payments begin at the end of the period of total disability. Section 306(d), 77 P.S. §513, provides:

(d)  Where, at the time of the injury the employe receives other injuries, separate from these which result in permanent injuries enumerated in clause (c) of this section, the number of weeks for which compensation is specified for the permanent injuries shall begin at the end of the period of temporary total disability which results from the other separate injuries, . . .

Accordingly, I would conclude that interest runs on the payments from due dates beginning at the end of the period of payments for total disability[2] and I must disagree with the majority's interpretation of the notice provisions in Sections 311 and 406.1.

I believe that the Legislature in 1972 clearly ruled out the result reached by the majority by repealing the former provision in Section 410 that interest run only from the date of the filing of the claim.[3] The former provision reads as follows:

Whenever any claim for compensation is presented to the board and is finally adjudicated in

---

[2] Since payments under Section 301(c) are for physical losses and not for loss of earnings or earning power, Claimant's receipt of wages for work performed is of no consequence. *Workmen's Compensation Appeal Board v. Hartlieb*, 465 Pa. 249, 348 A.2d 746 (1976); *Shoop v. Chambersburg Baking Co.*, 189 Pa. Superior Ct. 20, 149 A.2d 179 (1959).

[3] The majority view is even more stringent, beginning interest 21 days after the filing.

favor of the claimant, the amounts of compensation actually due at the time the first payment is made after such adjudication shall bear interest at the rate of six per centum per annum from the day such claim is presented, and such interest shall be payable to the same persons as the compensation is payable.

The interest provision was transferred in 1972 from Section 410 to new Section 406.1, and considering the new provision with the notice provision in Section 311, I would conclude that the notice required in Section 311 is purely notice of injury[4] and that in order to meet all situations including cases where the disability from that initial injury did not begin at once, Section 406.1 provides that the interest would not run until disability from the injury occurred. Obviously, if there is a hiatus between the injury and the onset of disability, interest can only begin to run when a disability occurs and requires payment therefor.

The decision in *Lastoka*[5] relied upon by the majority, is one where the beginning of interest following the notice of the original injury was involved and not a *subsequent* delineation of the extent of continued liability to make payments. In fact, the parties may not even by agreement alter the claimant's right to receive interest on compensation due. *Klingler v. Workmen's Compensation Appeal Board (Rupert)*, 50 Pa. Commonwealth Ct. 335, 413 A.2d 432 (1980).

It follows, therefore, that the obligation to pay interest here cannot be affected by a medical report or by when a petition was filed.

Also, in *Lastoka,* we spelled out the nature and reason for interest and why it cannot be denied retroactively, as follows:

---

[4] Section 311, P.S. §631 provides for notice of the "injury."

[5] *Lastoka v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 310, 413 A.2d 481 (1980).

This result is consistent with our decision in Klingler v. Workmen's Compensation Appeal Board, 50 Pa. Commonwealth Ct. 335, 413 A.2d 432 (1980), where we held that interest payments are designed to put a claimant in the same position as if no contest had been made and are, therefore, part of the compensation due. Similarly, in Mathies Coal Co. v. Workmen's Compensation Appeal Board, 40 Pa. Commonwealth Ct. 120, 129, 399 A.2d 790, 794 (1979), Judge MACPHAIL wrote:

'The imposition of interest by the Legislature is not because of fault on the part of the employers, but rather because of delay in payment. Obviously, during the proceedings, the Coal Companies had the use of the funds which were ultimately due the Claimants. By the same token, the Claimants have been deprived of the use of their benefits during the period they were withheld. For this reason they are entitled to additional compensation in the form of interest.'

I conclude, therefore, that absent a referee's finding that the delay was caused by the claimant, Section 435(d)(iii), there can be no forfeiture of interest. *See Scheffer v. Workmen's Compensation Appeal Board (San Juan Credit Furniture and Westmoreland Casualty Co.)*, 75 Pa. Commonwealth Ct. 644, 463 A.2d 96 (1983).

For the reasons stated above, I would reverse the order of the Board, direct that payments for the specific losses be made to commence at the end of the period of total disability, and that interest be assessed on each of such payments for the lost four fingers from the respective due dates of each such payment.