648 A.2d 1324

**B.P. OIL COMPANY, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (PATRONE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 7, 1992.

Decided Sept. 29, 1994.

Petition for Allowance of Appeal Denied March 20, 1995.

662

William M. Bendon, for petitioner.

John C. McFadden, for respondent.

Before DOYLE, COLINS and KELLEY, JJ.

DOYLE [1], Judge.

B.P. Oil Company (Employer) appeals from an order of the Workmen's Compensation Appeal Board affirming the decision of a referee to grant Anthony Patrone (Claimant) 260 weeks of compensation benefits.

Claimant was employed as a pipe fitter, metal burner and laborer at Employer's oil refinery from November of 1942, until November 19, 1984. During his forty-two years of employment Claimant was exposed to loud noise levels on a daily basis. At the time Claimant retired in 1984, he believed he had suffered some loss of hearing, but he was unaware of the extent of his hearing loss and its relationship to his former employment.

In January of 1989, Claimant consulted Dr. Deborah A. Perlstein because of his continuing problems. Dr. Perlstein found that Claimant had suffered a complete loss of hearing in

1. This case was reassigned to the opinion writer on July 14, 1993.

both ears for all practical intents and purposes. Thereafter, on February 27, 1989, Claimant filed his claim for benefits. In her deposition testimony Dr. Perlstein opined that Claimant's hearing loss was induced by noise exposure while in the course of employment for Employer and the referee found this opinion credible and convincing. The referee also found credible Claimant's statement that he was not aware that his hearing loss was related to work until Dr. Perlstein indicated that to him in February of 1989. The referee concluded that Claimant had met his burden of proving a work-related injury and awarded Claimant 260 weeks of compensation effective November 19, 1984, with an additional ten percent interest for compensation paid after the date Employer received notice of the claim, which was February 27, 1989.

Employer appealed to the Board which affirmed. Employer's appeal to this Court followed.[2]

Employer argues (1) Claimant's petition should have been time barred by Section 315 of the Workers' Compensation Act (Act),[3] (2) the referee failed to make a finding when Claimant, exercising reasonable diligence, should have known his hearing loss was work-related, (3) that there was not substantial evidence to support the referee's finding that Claimant became aware of the relationship between his hearing loss and his employment in February 1989, and (4) the portion of the referee's order requiring Employer to pay Claimant 10% interest on all compensation paid after the date of notice to Employer of Claimant's work related injury is unclear and imprecise.

Employer first argues that Claimant's petition is time barred, because the referee found that Claimant's injury occurred on his last day of work, November 19, 1984, and Claimant's petition for compensation was not filed until Febru-

2. On appeal here our scope of review is limited to determining whether the necessary findings are supported by substantial evidence and whether there has been a constitutional violation or an error of law. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

3. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 602.

ary 27, 1989, well beyond the three year limitation imposed by Section 315 of the Act. Claimant, on the other hand, in order to avoid a dismissal of his claim based on timeliness, asserts that his hearing loss falls under the occupational disease provision in Section 108(n) of the Act, 77 P.S. § 27.1(n).

Section 315 of the Act, provides:

In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof. . . . However, in cases of injury resulting from ionizing radiation in which the nature of the injury or its relationship to the employment is not known to the employe, the time for filing a claim shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. The term "injury" in this section means, in cases of occupational disease, disability resulting from occupational disease.

The "discovery" rule enunciated in Section 315 has been held to apply not only in cases of ionizing radiation, but also to occupational disease injuries.[4] *Berisford v. Workmen's Compensation Appeal Board (Jessop Steel Co.)*, 142 Pa.Commonwealth Ct. 83, 596 A.2d 1237 (1991). This Court recently ruled, however, that hearing loss is not an occupational disease and, therefore, the discovery rule does not apply. *B.P. Oil v. Workmen's Compensation Appeal Board (DeFrank)*, 158 Pa.Commonwealth Ct. 8, 632 A.2d 585 (1993). A review of legislative history, clearly supports that conclusion.

Occupational diseases have always been statutorily considered and legislatively dealt with as separate and distinct, for

4. A "Discovery Rule" in this context would allow a claimant to file a petition within three years of the time when he discovers that he is injured and that his injury is work related. *Eddy v. Workmen's Compensation Appeal Board (Bell Transit, Inc.)*, 130 Pa.Commonwealth Ct. 306, 309 n. 2, 568 A.2d 279, 281 n. 2 (1989), *aff'd per curiam*, 534 Pa. 302, 632 A.2d 873 (1993).

compensation purposes, from other types of injuries from the time of the original enactment of a workers' compensation act on June 2, 1915. *See* Alexander F. Barbieri, *Pennsylvania Workmen's Compensation and Occupational Disease,* Section 2, History and Theory of Pennsylvania Workmen's Compensation, and Section 7.01, History of Occupational Disease Laws in Pennsylvania. While the first compensation, or "injury" act, clearly covered specific hearing loss injuries under Section 306(c)(8), 77 P.S. § 513(8), it just as clearly did not provide for compensation for occupational diseases. The first occupational disease law was not enacted until 1937 [5] as an amendment to the original "injury law," as Judge Barbieri terms it,[6] which was later repealed in 1939 when the Pennsylvania General Assembly enacted a complete and separate statute to compensate for occupational diseases. The two laws existed side by side and, indeed, do so even today because the Occupational Disease Act of 1939 [7] has never been repealed.

In 1972, however, major changes to the Act were made by the General Assembly and among them was a provision expanding the definition of the term "injury" as found in Section 301(c) of the Act by adding a separate subsection (2) [8] which provides in pertinent part:

> The terms 'injury,' 'personal injury,' and 'injury arising in the course of his employment,' as used in this act, shall include ... occupational disease as defined in section 108 of this act.

Accordingly, for the first time, all occupational diseases, heretofore treated separately under the Occupational Disease Act of 1939, were also brought under the purview of the "injury" compensation law, but at no time has their separate and distinct character as diseases ever been confused with the injuries defined in the original injury compensation act of 1915

---

**5.** Act of July 2, 1937, P.L. 2714, formerly 77 P.S. §§ 1101–1112, *repealed by* Section 504 of the Act of June 21, 1939, P.L. 566.

**6.** See Barbieri, *Pennsylvania Workmen's Compensation,* Section 2.01.

**7.** The Occupational Disease Act (Occupational Disease Act of 1939), Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §§ 1201–1603.

**8.** Section 301(c)(2) of the Act, 77 P.S. § 411(2).

as separately defined in that act by what is now Section 301(c)(1), 77 P.S. § 411(1).

Reference to the definition of "occupational disease" found in Section 108(n) of the Act, under which Claimant would place as a disease this loss of hearing injury, and under which it must fall if it is to be compensated as a "disease," indicates that the General Assembly expressed the intent to specifically *exclude* loss of hearing injuries because, as previously noted, it states:

> For the purposes of this clause, partial loss of hearing in one or both ears due to noise; and the diseases silicosis, anthraco-silicosis and coal workers' pneumoconiosis resulting from employment in and around a coal mine, *shall not be considered occupational diseases.* (Emphasis added).

Section 108(n) of the Act, 77 P.S. § 27.1(n).

By specifically excluding the partial loss of hearing as a disease, while at the same time referencing silicosis and anthraco-silicosis as diseases, the Legislature evidenced a clear acknowledgment that it knew the difference between the two types of disabilities. Moreover, that acknowledgement is even more apparent when one finds that silicosis and anthraco-silicosis are dealt with as a separate *diseases* under Section 108(k) of the Act, 77 P.S. § 27.1(k), and Section 108(q) of the Act, 77 P.S. § 27.1(q), respectively. On the other hand, a hearing loss injury is nowhere else defined or mentioned in Section 108, which it must be if it is to be considered as an "occupational disease" under Section 301(c)(2), rather than as an "injury" under Section 301(c)(1).

Claimant's argument that Section 108(n) of the Act excludes only the *partial* hearing loss from the definition of occupational disease but does not exclude the *total* loss of hearing is simply not logical because, before there can be a total loss of hearing, logically there must be a partial loss of hearing. Since the partial loss of hearing is not referred to as a disease, the intent must have been to exclude ALL hearing loss from the purview of occupational diseases defined in Section 108(n); total loss of hearing *as a separate and distinct injury,* of

course, has its own schedule of compensation as a specific loss. Section 306(c)(8) of the Act, pertinently provides:

> For all disability resulting from permanent injuries of the following classes, the compensation shall be *exclusively* as follows:
>
> . . . .
>
> > (8) For the complete loss of hearing, in both ears, sixty-six and two-thirds per centum of wages during two hundred sixty weeks; for complete loss of hearing in one ear, sixty-six and two-thirds per centum of wages during sixty weeks.

77 P.S. § 513(8) (emphasis added).

Furthermore, while the complete loss of hearing is not defined as an occupational disease in the Occupational Disease Act of 1939,[9] it is compensable as a resulting disability *from* an occupational disease. Section 306(c) of the Occupational Disease Act of 1939, 77 P.S. § 1406(c), pertinently provides:

> (c) For all *disability* resulting from loss or loss of the use of members resulting from occupational disease, the compensation shall be exclusively as follows:
>
> . . . .
>
> For the complete loss of hearing in both ears, sixty-six and two-thirds per centum of wages during one hundred and eighty weeks. (Emphasis added.)

■ Thus, the complete loss of hearing is compensable under the Occupational Disease Act of 1939 if that *"disability" is caused by an underlying disease defined in Section 108 of the Occupational Disease Act.* A complete loss of hearing by itself is not treated as a separate disease, however, and in any event, the claim before us on appeal does not concern a claim under the Occupational Disease Act but one filed under the Workers' Compensation Act.[10]

9. Section 108 of the Occupational Disease Act of 1939, 77 P.S. § 1208.

10. We note further that for a complete loss of hearing under the Workmen's Compensation Act compensation is paid for 260 weeks, while under the Occupational Disease Act, benefits are only paid for 180 weeks. *Golden Bay Earthquakes v. Workmen's Compensation Ap-*

 However, despite our inevitable conclusion that hearing loss alone is not an occupational disease, and thus the discovery rule does not apply, our analysis does not stop with this conclusion. To determine whether Claimant's petition was timely filed under Section 315, we must still ascertain the date of Claimant's injury, and,

> for purposes of determining whether a non-occupational disease claim such as complete hearing loss is time barred under Section 315, the three-year limitations period begins to run from the date of injury regardless of the claimant's actual or constructive knowledge of the injury.

*Boeing Helicopter Co. v. Workmen's Compensation Appeal Board (McCanney)*, 157 Pa.Commonwealth Ct. 76, 82, 629 A.2d 184, 187 (1993) (footnote omitted). A loss of hearing is not an injury until it has progressed to the point where it is a complete loss of hearing for all practical intents and purposes; in other words, "the focus of the [inquiry] is not when did the claimant discover the injury that already existed, but rather, when did the injury become an injury." *Eddy*, 130 Pa.Commonwealth Ct. at 311, 568 A.2d at 282. Hence, hearing loss is not a compensable injury under the Act, first, until a claimant is informed that he has lost his hearing for all practical intents and purposes, generally on the advice of a hearing professional, and second, until he or she knows that this hearing loss is work related. *DeFrank; Boeing Helicopter.*

 In this case, the referee found Claimant suffered a complete loss of hearing on his last day of work, November 19, 1984. However, in *DeFrank*, which is factually identical to the situation presented here, we held that in a hearing loss case, since the date of injury occurs when a claimant is informed that he has a complete hearing loss, a finding by the referee that the injury occurred on a claimant's last day of work is

peal Board (Brooks), 129 Pa.Commonwealth Ct. 236, 565 A.2d 212 (1989), *petition for allowance of appeal denied*, 527 Pa. 619, 590 A.2d 759 (1990).

Moreover, while the complete loss of hearing in one ear only is compensable under the Workmen's Compensation Act, or "injury law" (for 60 weeks), 77 P.S. § 513(8), such a loss is not compensable at all under the Occupational Disease Act. 77 P.S. 1406(c).

erroneous as a matter of law. *DeFrank*. Thus, Claimant's injury occurred on the date he was examined by Dr. Perlstein in February, 1989. Since he filed a claim petition February 27, 1989, his claim is not time barred by Section 315 of the Act.

Employer also argues that the referee erred in not making a specific finding of when Claimant, exercising reasonable diligence, should have known that he sustained a complete loss of hearing under Section 311 of the Act. This issue was also settled by *DeFrank*.

Section 311 of the Act provides that:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf ... shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given ... within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or should know, of the existence of the injury and its possible relationship to his employment....

77 P.S. § 631. In *DeFrank* we stated that:

In *Cyclops Corporation v. Workmen's Compensation Appeal Board (Sray, Jr.)*, 116 Pa.Commonwealth Ct. 421, 541 A.2d 851 (1988), a hearing loss case under section 306(c) of the Act, this court followed the reasoning in *Universal Cyclops [Corporation v. Workmen's Compensation Appeal Board (Cherry)*, 97 Pa.Commonwealth Ct. 399, 509 A.2d 956 (1986) ], and held that the referee correctly found that the *date of claimant's injury* was the date his doctor diagnosed that the claimant had lost the permanent use of hearing in both ears for all practical intents and purposes, and that section 311's notice period began from that date. Once again, this is not an application of the discovery rule under

section 311, but rather, an analysis of when the claimant's injury occurred for section 311.... [T]he referee was not required here to make a finding of the date when the claimant *knew* or *should have known* of the injury.

*Id.* 158 Pa.Cmwlth. at 20–21, 632 A.2d at 590–91 (emphasis in original). Similarly, the referee in this case was not required to make such a finding, and Claimant satisfied the requirements of Section 311 when he filed his claim petition on February 27, 1989.

Employer finally argues that the portion of the referee's order requiring it to pay 10% interest on compensation payments made after February 27, 1989, is unclear. We disagree.

■ The 10% interest requirement is explicitly provided for in Section 406.1 of the Act:

The employer and insurer shall promptly investigate each injury reported or known to the employer and shall proceed promptly to commence the payment of compensation due.... The first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employe's disability. Interest shall accrue on all due and unpaid compensation at the rate of ten percent per annum.

77 P.S. § 717.1. This interest provision is not a penalty assessed against the employer, but is additional compensation awarded to an employee for the delay during which the employer has use of the funds and the claimant does not. *Lastoka v. Workmen's Compensation Appeal Board (Wheeling–Pittsburgh Steel Corp.)*, 51 Pa.Commonwealth Ct. 310, 413 A.2d 481 (1980). The inclusion of interest to be awarded to Claimant is consistent with the Act, and there is no need to remand the order for clarification.

Accordingly, the order of the Board is affirmed.

### ORDER

NOW, September 29, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

COLINS, J., concurs in the result only.