**Garrett CARLETTINI, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CITY OF PHILADELPHIA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 3, 1998.

Decided June 26, 1998.

Reargument Denied Aug. 25, 1998.

Richard R. DiStefano, Philadelphia, for petitioner.

William C. McGovern, Philadelphia, for respondent.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Garrett Carlettini (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board), affirming an order of a Workers' Compensation Judge (WCJ) which awarded Claimant specific loss benefits of $479.48 per week for a period of 40 weeks, plus statutory interest of 10% commencing on February 28, 1996. It is that part of the order setting the commencement date of the statutory interest from which Claimant appeals.

---

The relevant facts are as follows. Claimant is employed as a firefighter by the City of Philadelphia (Employer) with an average weekly wage of $719.23. On April 4, 1994, Claimant and his fire company responded to a brush fire in Morrell Park. While advancing a hose line, Claimant tripped on a log and was struck in the face by a tree limb protruding from the log. As a result, Claimant sustained several cuts and abrasions on his face which left scarring on the left cheek under the eye, above the right cheek, above the left eyebrow, and across the bridge of Claimant's nose. Claimant reported the injury to his supervisor and received medical attention from paramedics at the fire scene. However, the injury did not require Claimant to be absent from work.

On October 17, 1994, Claimant filed a claim petition seeking benefits for the disfigurement caused by the accident. On October 24, 1994, Employer filed a timely answer denying the averments in the claim petition and asserting that Claimant failed to provide proper notice of the injury to Employer. Hearings were then scheduled before a WCJ.

At a hearing on January 13, 1995, Claimant testified concerning his injury. Claimant noted that he had not consulted a plastic surgeon concerning any possible treatment of his scars. Additionally, at the hearing, Employer conceded that proper notice of the injury was given to Employer. Although Claimant presented no medical evidence concerning the permanency of the scars and disfigurement, the WCJ did view Claimant's face and described the scarring on the record.

On February 28, 1996, a second hearing was held. Claimant presented no expert medical evidence concerning the permanency of the disfigurement, but the WCJ again viewed Claimant's face, noting that there was no improvement in the scars.

On October 21, 1996, the WCJ circulated an opinion and order granting Claimant's claim petition and awarding Claimant specific loss benefits of $479.48 per week for a period of 40 weeks, concluding that Claimant had met his burden of demonstrating a permanent disfigurement. The WCJ further concluded, however, that the date on which the disfigurement became permanent was February 28, 1996, the date of the last hearing, and therefore awarded statutory interest in the amount of 10%, effective February 28, 1996.

Claimant appealed this decision to the Board, arguing that the interest should have begun to accrue on April 25, 1994, 21 days after Employer received notice of the injury. As support for his argument, Claimant cited our decision in *Hutz v. Workmen's Compensation Appeal Board (Stefanak & Son)*, 116 Pa.Cmwlth. 162, 540 A.2d 1380 (1988), *aff'd*, 525 Pa. 361, 580 A.2d 757 (1990). The Board, however, rejected this argument and distinguished *Hutz* from the present case. Accordingly, the Board affirmed the WCJ's decision.

On appeal to this Court,[1] Claimant, again relying on our decision in *Hutz*, argues that the effective date for interest to accrue was 21 days after Employer had notice of the injury, which would be April 25, 1994.

■ Section 406.1 of the Workers' Compensation Act[2] (Act) provides in part that

The first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employe's disability. Interest shall accrue on all **due** and unpaid compensation at the rate of ten per centum per annum.

77 P.S. § 717.1(a) (emphasis added). We have explained that the purpose of statutory interest is not to penalize an employer; rather, it is to provide additional compensation to a claimant for the delay during which an employer has use of funds otherwise due to

---

1. Our standard of review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *Morey v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 684 A.2d 673 (Pa.Cmwlth.1996).

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 717.1. Section 406.1 was added to the Act by Section 3 of the Act of February 8, 1972, P.L. 25.

the claimant. *See B.P. Oil Co. v. Workmen's Compensation Appeal Board (Patrone),* 167 Pa.Cmwlth. 661, 648 A.2d 1324 (1994), *petition for allowance of appeal denied,* 540 Pa. 622, 657 A.2d 492 (1995). Thus, the imposition of statutory interest under Section 406.1 does not depend on the reasonableness of an employer's contest; rather, it is solely dependent upon whether a right to compensation was established. *Gattuso v. Workmen's Compensation Appeal Board (McKeesport Candy Co.),* 166 Pa.Cmwlth. 232, 646 A.2d 611 (1994). Therefore, our inquiry initially focuses on if, and when, a claimant establishes a right to compensation.

Section 306(c)(22) of the Act, 77 P.S. § 513(22), provides that:

> [f]or serious and permanent disfigurement of the head, neck or face, of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment, sixty-six and two-thirds per centum of wages not to exceed two hundred seventy-five weeks.

77 P.S. § 513(22). We have interpreted this section to place the burden of proof on a claimant seeking benefits under Section 306(c)(22) to establish that his disfigurement: 1) is serious **and permanent,** 2) results in an unsightly appearance and 3) is not usually incident to his employment. *City of Philadelphia, Risk & Management Division v. Workmen's Compensation Appeal Board (Harvey),* 690 A.2d 1293 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 549 Pa. 729, 702 A.2d 1061 (1997).

▮ In the present case, compensation became due to the Claimant under Section 306(c)(22) when he satisfied his burden of proof. In attempting to satisfy this burden, Claimant presented no medical evidence regarding the permanency of his disfigurement. However, as we noted in *Purex Corporation v. Workmen's Compensation Appeal Board (Ross),* 66 Pa. Cmwlth. 499, 445 A.2d 267, *overruled in part on other grounds by American Chain & Cable v. Workmen's Compensa-*

*tion Appeal Board (Weaver),* 70 Pa. Cmwlth. 579, 454 A.2d 211 (1982), expert medical evidence is not necessary to determine permanency when a WCJ views the claimant more than 14 months after the injury. The WCJ viewed Claimant in the present case on January 13, 1995, about 9 months after the accident, and again on February 28, 1996, nearly 23 months after the accident. Based on his observations of Claimant on those two dates, the WCJ concluded that, as of February 28, 1996, Claimant's disfigurement was permanent.[3] Accordingly, it was on that date that the WCJ determined that the scars were permanent and that Claimant satisfied his burden of proof to receive benefits under Section 306(c)(22), thus establishing his entitlement to compensation.

In response, Claimant points to our decision in *Hutz* as support for his conclusion that compensation was due twenty-one days after Employer received notice of the injury. In *Hutz,* the claimant sustained a crushing injury to his right hand and four fingers on February 20, 1973, in an accident at work and began receiving compensation benefits as the result of his injury. On October 15, 1982, Hutz filed a modification petition alleging that he had lost all use of his right index, middle, ring, and little finger. In granting Hutz's modification petition, the referee concluded that Employer had notice of a compensable injury when it received a report on May 2, 1974, from a doctor indicating that Hutz had 50% permanent physical impairment of his fingers.

▮ On appeal, the Board reversed the WCJ, concluding that the Doctor's report was insufficient to establish that the employer had knowledge of a compensable injury, and this Court subsequently affirmed the Board's decision. In doing so, we noted that, in order for an employer to be on notice under Section 717.1, it must have notice of a *compensable* injury. In the present case, Claimant's injury did not become compensa-

---

**3.** Of course, if the Claimant wished to have his injury be considered permanent prior to February 28, 1996, he could have presented expert medical evidence establishing an earlier date of permanency. However, Claimant chose not to do so and, instead, chose to have the WCJ establish the date of permanency based on his examination of Claimant.

ble until it was determined to be permanent. Thus, on the date that Employer received notice that the injury was permanent, *i.e.*, the day that the WCJ determined that the disfigurement was permanent, interest began to accrue. Therefore, Claimant's reliance on *Hutz* for an earlier date for the accrual of interest is misplaced.

Accordingly, we affirm the order of the Board.

### ORDER

**NOW**, June 26, 1998, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.