Jones & Laughlin Steel Corp., Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Louise West, Widow of Eddie Lee West, Deceased, Respondents.

Argued September 17, 1981, before President Judge CRUMLISH, JR. and Judges CRAIG and MAC-PHAIL, sitting as a panel of three.

*Ronald Ganassi, Will & Keisling,* for petitioner.

*William R. Caroselli,* with him *Edwin H. Beachler, McArdle, Caroselli, Spagnolli & Beachler,* for respondent, Eddie Lee West, deceased.

OPINION BY JUDGE CRAIG, November 17, 1981:

Jones & Laughlin Steel Corporation (J & L), the employer has appealed the Workmen's Compensation Appeal Board's affirmance of a referee's decision

awarding compensation to a widow. The referee found that the decedent, Eddie Lee West, employed by J & L from May 1957 to September 1974, died as a result of an occupational disease[1] caused by exposure to hazardous substances during the course of that employment. The referee awarded compensation to respondent, the widow, beginning February 27, 1975, decedent's date of death, with interest on deferred payments of compensation pursuant to Section 406.1 of The Pennsylvania Workers Compensation Act (Act).[2]

The respondent filed her fatal claim petition on February 16, 1978, alleging that notice of death had been communicated to the employer by decedent's undertaker on February 28, 1975. J & L, denying receipt of such notice, contends that there was no proof of notice and notes that the referee made no finding as to the date of notice. Hence, J & L asserts that the first notice of claim was February 16, 1978, the date the respondent filed her fatal claim petition, more than two years and eleven months after death.

This appeal presents three issues: Is respondent's claim barred under Section 311 of the Act?[3] If the claim is not barred, is the respondent entitled to benefits for the period after decedent's death which preceded any notice to petitioner-employer? If respondent can recover benefits calculated from the date of death, is she also entitled to interest on benefits accrued before notice to petitioner-employer?

J & L contends that the Section 311 notice requirement applies to death claims as well as to injury claims

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, Section 108(n), 77 P.S. §27.1(n).

[2] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of February 8, 1972, P.L. 25, 77 P.S. §717.1.

[3] 77 P.S. §631.

for lifetime benefits.[4] If the 120 day limitation applies to death claims, and if J & L did not in fact receive notice until the claim petition was filed, the respondent's claim would be barred.

We decided the question of whether Section 311 notice requirements are controlling in death claims in *Duquesne Light Comapny v. Gurick,* 46 Pa. Commonwealth Ct. 150, 405 A.2d 1358 (1979), a case which also involved a death resulting from occupational disease.

In *Gurick,* Judge DiSALLE said:

Petitioner contends that claimant should have been precluded from receiving compensation since she failed to notify Petitioner of her husband's death within 120 days thereafter pursuant to Section 311. The obvious fallacy of this argument is that Section 311 has no applicability to fatal claim petitioners. Section 311 speaks only in terms of giving notice of 'injury' . . . On the other hand, Section 315 refers specifically to claims as a result of 'death.'

After thus indicating that injury in Section 311 refers to injury resulting in disability, but not death, *Gurick* holds that the notice limitation for death claims is in Section 315, which states:

---

[4] Section 311 provides, in pertinent part, as follows: Unless the employer shall have knowledge of the occurrence of the *injury,* or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the *injury,* no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the *injury,* no compensation shall be allowed. The term "injury" in this section means, in cases of occupational disease, *disability* resulting from occupational disease. (Emphasis added.)

> In cases of death all claims for compensation shall be forever barred . . . unless, within three years after death, one of the parties shall have filed a petition. . .

The term "claims" in Section 315 embraces rights to both death and disability compensation under the Act.

Confusion arises because the Act uses the term "injury" in two ways: (1) as the death or disability-causing event or occurrence and (2) as a disability resulting from such an event. The 1972 amendments to the Act[5] contribute to interpretation problems because they expand the term "injury" to include occupational disease;[6] thus, "injury" now embraces occupational disease when it is used to mean either an event or resulting condition. Section 301(c) of the Act[7] defines "injury" as follows:

> Subsection (1):
>
> The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe . . . arising in the course of his employment and related thereto, and such disease as naturally results from the injury . . . wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such injury. . .
>
> Subsection (2):
>
> The terms 'injury,' 'personal injury,' and 'injury arising in the course of his employment,' as used in this act, shall include, unless the context clearly requires otherwise, occupational disease . . . Provided, That whenever occupational disease is the basis for compensation,

---

[5] Act of March 29, 1972, P.L. 159 and Act of October 17, 1972, P.L. 930.

[6] As defined in Section 108 of the Act, 77 P.S. §27.1.

[7] 77 P.S. §411.

*for disability or death* under this act, it shall apply only to disability or death *resulting from* such disease. . . (Footnote omitted, emphasis added.)

On the basis of this language, the term "injury," when used in cases of occupational disease to mean a resulting condition, can include both disability and death. Although that connotation may be appropriate in some contexts in the Act, it does not affect the result this court reached in *Gurick* with respect to Sections 311 and 315. The clear meaning of the last sentences of both sections is controlling:

The term 'injury' in this section means, in cases of occupational disease, *disability* resulting from occupational disease. (Emphasis added.)

Obviously, disability does not include death; disability refers to conditions which give rise to lifetime benefits. Thus, the term injury in Sections 311 and 315 is expressly qualified so as not to exclude death resulting from an occupational disease. Therefore, because respondent filed her petition within the three year period in Section 315, we find that the board acted properly in holding respondent's claim was not barred.

With respect to the second issue, J & L argues that, even if respondent's claim is compensable, compensation should not accrue until the employer has either notice or knowledge of the claim. To support this view, petitioner relies on language in Section 406.1 of the Act:[8]

. . . The first installment of compensation shall be paid not later than the twenty first day after the employer has notice or knowledge of the employe's disability. . . (Emphasis added.)

_____

[8] 77 P.S. §717.1.

As we have already observed, "disability," as used in the Act, does not include death. Therefore, absent a clear indication to the contrary, the twenty-one day notice provision of Section 406.1 does not apply to death claims.

Although section 311 of the Act also contains a twenty-one day notice provision,[9] the holding in *Gurick,* 46 Pa. Commonwealth Ct. at 154, 405 A.2d at 1359-60, that Section 311 has no applicability to death claims, obviously applies to the twenty-one day provision as well as the 120 day provision.[10]

The remaining issue is whether respondent is entitled to interest on the benefits which accrued between decedent's date of death and the time J & L received notice of the claim. J & L argues that employers should not be required to pay interest accrued before notice or knowledge of the claim, because employers have no opportunity to pay these claims earlier to avoid additional interest costs when they lack awareness that the claim exists.

In part, the intent of the interest provisions is to encourage employers to act promptly by accelerating

---

[9] Unless the employer shall have knowledge of the occurrence of the *injury,* or unless the employe or . . . dependents . . . shall give notice thereof to the employer within twenty-one days after the *injury,* no compensation shall be due until such notice is given. . . ." (Emphasis added.)

[10] The Department of Labor and Industry, Bureau of Occupational Injury and Disease Compensation pursuant to Section 309 of the Act, 77 P.S. §82 promulgated regulations, at 34 Pa. Code Chapter 121, which provide rules for determining when compensation is due. The rule which applies to this case is found at 34 Pa. Code 121.15(c) and states in pertinent part:

If death results more than seven days after injury . . . compensation payments because of death due to injury shall start from the date of death.

Since the term injury as used in this regulation includes occupational disease, respondent is entitled to compensation benefits from decedent's date of death.

the self-administration system.[11] However, this court has held that imposition of interest on worker's compensation awards is not based primarily on fault of the employer, but rather is to compensate claimant for loss of the use of funds.[12] Interest awards under Section 406.1 are not intended as a penalty.[13] Thus, we have held that interest would be awarded on due and unpaid compensation, notwithstanding a reasonable contest as to whether claimant was entitled to workers' compensation.[14] We have also held that interest payments are designed to put a claimant in the same position as if no contest had been made and are therefore part of the compensation due.[15]

The issue here is: When does compensation become due and unpaid for the purpose of the accrual of interest under Section 406.1? In cases involving disability benefits, this court has held that Section 406.1 clearly provides that compensation is due not later than twenty-one days after the employer has notice or knowledge of the disability.[16] Thus, the amount payable is determined from the date of disability, but interest is calculated on the unpaid amount only when it becomes due, twenty-one days after the employer has notice or knowledge.[17]

---

[11] See preamble to Act of February 8, 1972, P.L. 25, No. 12. Act of February 8, 1972 (P.L. 25, No. 12), 77 P.S. §582 at Pennsylvania Code, Title 34, Chapter 121.

[12] *Mathias Coal Co. v. Workmen's Compensation Appeal Board*, 40 Pa. Commonwealth Ct. 120, 399 A.2d 790 (1979).

[13] *Lastoka v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 310, 413 A.2d 481 (1980).

[14] *Id.*

[15] *Klinger v. Workmen's Compensation Appeal Board*, 50 Pa. Commonwealth Ct. 335, 413 A.2d 432 (1980).

[16] *Lastoka*, 51 Pa. Commonwealth Ct. at 312.

[17] We recognize that the notice provisions of Section 406.1 are also intended to encourage prompt notification to facilitate investigation and correction of injury causing conditions.

However, because the twenty-one day notice provision of Section 406.1 does not apply to death claims, it does not affect the calculation of interest upon compensation for death.

With compensation for death being both payable and due from the date of death, interest on unpaid benefits is, therefore, to be calculated from that date of death.[18] Respondent is, pursuant to Section 406.1,[19] entitled to interest on unpaid benefits, calculated for the date of decedent's death.

Accordingly, we affirm.

### ORDER

Now, November 17, 1981, the order of the Workmen's Compensation Appeal Board, Docket No. A78964, dated April 10, 1980, awarding benefits to Louise West, decedent's widow, is hereby affirmed and judgment is entered in favor of Louise West and against petitioner, Jones & Laughlin Steel Corporation.

The petitioner is ordered to pay Louise West workmen's compensation benefits at the rate of $106.00 per week for support of herself and her dependent children, commencing on February 27, 1975 and continuing until such time as said children reach the age of 18, or if all or any of said children are enrolled as full-time students in any accredited educational institution, then until said child or children reach the age of 23 years.

Compensation shall be payable to the claimant for her maintenance and support at the rate of $106.00 per week, continuing for the duration of her widow-

---

[18] Our holding here does not effect the rule articulated in *Lastoka*, which applies to injury disability claims.

[19] The pertinent language of Section 406.1 provides: "Interest shall accrue on all due and unpaid compensation at the rate of ten per centum per annum."

hood. If she remarries, she shall be paid a lump sum of $11,024.00 and compensation payments shall thereafter cease.

Interest is payable on deferred payments of compensation at the statutory rate of ten percent (10%) per annum and shall be applied to all deferred compensation payable after February 27, 1975.

Petitioner is directed to reimburse claimant for statutory funeral expenses incurred in the maximum amount of $750.00. Petitioner is also directed to reimburse claimant's counsel for reasonable costs incurred in the total amount of $390.80.

Attorney fees, as agreed upon between the claimant and her counsel, in the total amount of $5,512.00 are approved and the petitioner is directed to deduct $5,512.00 from the deferred compensation due the claimant and forward it, together with the $390.80 for costs, directly to William R. Caroselli, Esquire, claimant's counsel.

All payments of interest, funeral expenses, the remaining amount due for deferred compensation and all future compensation payments shall be paid directly to the claimant by first class mail.