Jose Scheffer, Petitioner *v.* Workmen's Compensation Appeal Board (San Juan Credit Furniture and Westmoreland Casualty Company), Respondents.

Submitted on briefs April 6, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Allen L. Feingold,* for petitioner.

*Earl T. Britt,* with him *Wayne A. Schaible, Duane, Morris & Heckscher,* for respondent, San Juan Credit Furniture.

Opinion by Judge Barbieri, July 29, 1983:

The claimant, Jose Scheffer, appeals an order of the Workmen's Compensation Appeal Board affirming a referee's decision denying the claimant an award of counsel fees, interest, and a penalty against his employer, San Juan Credit Furniture, under The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1066.

On April 15, 1977, the claimant suffered a work related injury in which he sustained a sprained right shoulder. The employer issued a Notice of Compensation Payable to the claimant, making payments until the claimant executed a Final Receipt on July 5, 1977, acknowledging that the employer had paid him disability benefits for his injury, and that he was able to return to work on June 7, 1977. On April 30, 1979, however, the claimant filed a claim petition in which he asserted his work injury of April 15, 1977. A referee's hearing was held on this petition at which time the claimant acknowledged that he suffered no injury subsequent to June 6, 1977, but instead averred that his petition was solely for the payment of medical bills relating to his April 15, 1977 injury. The employer agreed at the close of this hearing to review any bills submitted to it by the claimant.

Thereafter, on June 14, 1979, claimant's counsel by way of a letter, submitted medical bills to the employer, to which the employer responded on July 9, 1979, that it was willing to pay all outstanding medical bills upon the proviso that payment be made directly to the claimant's medical providers. Subsequently, three more hearings were held in front of a referee. The first was held on August 7, 1979, at which time the claimant agreed to provide the em-

ployer with documentation of certain medical expenses. The second and third hearings were held on October 6 and December 11, 1979 respectively, the net result of which yielded the employer's continued willingness to pay the outstanding medical bills of the claimant, and the continued insistence of the claimant's counsel that payment be made directly to him instead of the medical providers. Additionally, the claimant requested, at the December hearing, that he be awarded interest, attorney's fees and a penalty.

In denying the claimant's request for fees, interest and a penalty, the referee made the following findings, to wit:

20. The referee specifically finds that Defendant did not unreasonably contest this claim and, as a matter of fact, did not contest it at all once provided with Claimant's bills and verification as to which bills had been paid and by whom. What Defendant did contest was the request by Claimant, by his attorney, that the medical providers not be paid directly but that a draft for the total amount of said bills should be made payable to Claimant and his attorney.

21. The referee specifically finds that Defendant was not in violation of the Act in failing to pay the medical providers directly prior to this decision since it had always indicated willingness to do so, but it was Claimant's counsel who objected to this procedure and attempted to persuade the referee to order Defendant to issue a draft payable to Claimant and his attorney for all outstanding medical expenses.

22. The delay in disposition of this case was caused by Claimant, through his attorney, in insisting that the medical providers not be paid

directly and in failing to be prepared to try this case in less than four hearings.

and, therefore, concluded that:

3. This award should not bear interest since the delay in disposing of this matter was caused by Claimant, through his attorney.

4. Defendant did not violate any provision of the Workmen's Compensation Act and thus is not liable for penalty of any kind.

5. Defendant did not unreasonably contest this claim and thus is not liable for Claimant's counsel fees.

On appeal, the Board affirmed the referee's decision and the present appeal followed.

The claimant contends that the Board and referee erred in denying his request for interest, a penalty and attorney's fees based upon his assertion that there was sufficient evidence of record for the referee to find that both the employer's contest and delay in making payment for the claimant's medical expenses were unreasonable.

Whether or not there existed evidence of record which could support findings of fact contrary to those found by the referee, our scope of review in workmen's compensation cases is to determine whether or not constitutional rights have been violated, errors of law committed, or whether necessary findings of fact are unsupported by substantial evidence. *Workmen's Compensation Appeal Board v. Bernard S. Pincus Company*, 479 Pa. 286, 388 A.2d 659 (1978). In the instant case, the referee specifically found that the delay in the disposition of this case was caused by the claimant, that the employer always expressed its willingness to pay the medical expenses of the claimant, and that the employer did not contest the claimant's claim, but rather merely challenged the

mode of payment requested by the claimant. Since our review of the record in this case reveals that these findings are supported by substantial evidence, we need only determine whether the Board or referee erred in their conclusions of law based upon these findings of fact.

Section 435(d)(iii) of the Act, 77 P.S. §991(d)(iii), provides in part that claimants shall forfeit interest with respect to any period of unexcused delay which they have caused. In that the referee specifically found that the delay in the disposition of the instant case was caused by the claimant, we cannot conclude that it was error to deny interest to the claimant.

We must also disagree with the claimant's contention that he is entitled to attorney's fees under Section 440 of the Act, 77 P.S. §996. Section 440 contains the provision that where an insurer has contested *liability* in whole or in part, attorney's fees shall be awarded the claimant, unless a reasonable basis for the contest has been established. Since the real dispute in this case involved the manner in which the employer was to make payment for the claimant's expenses, an issue which clearly does not touch upon the determination of liability, and since liability was never contested, we cannot conclude that it was error to deny the claimant attorney's fees under the Act.

Again, we find no merit in the claimant's argument regarding his entitlement to have a penalty assessed against his employer. On this point, claimant contends that the employer has violated the Act by failing to make prompt payment of the claimant's medical expenses and, therefore, he is entitled to a penalty under Section 435(d) of the Act, 77 P.S. §991(d). This assertion, of course, is contrary to specific findings quoted above, which we have approved, which attribute the delay complained of to

claimant's attorney, establishing also that there was no unreasonable contest by the defendant and that the defendant was at all times willing to provide payment for the claimant's medical expenses.

Finally, we find no support for the contention that payment not be made to the supplier of medical services, but only to the claimant and his attorney. The Act simply requires that the employer "provide payment" for medical services. Section 306(f) of the Act, 77 P.S. §531; *see also Glinka v. Workmen's Compensation Appeal Board,* 75 Pa. Commonwealth Ct. 504, A.2d (1983). In fact, Section 306(f) permits employers, under certain circumstances, to provide the medical services rather than pay for such services when procured by the claimant.[1]

For the foregoing reasons, the order of the Board affirming the referee's denial of interest, attorney's fees, and a penalty is hereby affirmed.

### ORDER

AND Now, this 29th day of July, 1983, the order of the Workmen's Compensation Appeal Board, dated May 14, 1983, docketed at No. A-80434 is hereby affirmed.

---

[1] A major percentage of all medical care for injured workers is provided in the clinics and dispensaries of employers and their workers compensation insurers.