590 A.2d 1325

**William G. MILLER, Jr., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (FISCHBACH & MOORE), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 1991.

Decided April 30, 1991.

Reconsideration Denied June 18, 1991.

Susan Paczak, Edward Jaffee Abes & Associates, P.C., Pittsburgh, for petitioner.

Anne M. Coholan, Faderewski & Herrington, Pittsburgh, for respondent.

Before COLINS and PALLADINO, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

William G. Miller (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision, which, after denying a petition to terminate Claimant's compensation, concluded that Claimant had forfeited his statutory interest for all deferred, due and payable compensation under Section 435(d)(iii) of The Pennsylvania Workmen's Compensation Act (Act)[1] because of Claimant's unreasonable delay.

Claimant was employed as a steam fitter for Fischbach & Moore (Employer), sustained a work-related injury to his head and neck, and received workmen's compensation benefits from Employer pursuant to a notice of compensation payable. Thereafter, Employer filed a petition to terminate Claimant's compensation and requested a supersedeas. A supersedeas was granted as of May 7, 1986.

Employer submitted the deposition testimony of its expert medical witness, Robert Baraff, M.D. on December 12, 1986. On June 29, 1987, Claimant requested a continuance to schedule a deposition for his medical witness, Dr. Pokriva. Employer objected because it had previously been indicated that the record was to be closed, because Claimant had ample time to depose Dr. Pokriva earlier, and because Claimant had not up to that point supplied Employer with a medical report by Dr. Pokriva. The referee stated "I'll continue the case to allow the deposition of Dr. Pokriva. But I granted the supersedeas. So in the event claimant is successful, I'm not going to allow any interest from today's date on until a decision is rendered. Claimant has had an ample opportunity since December." Transcript of Hearing, at 9–11.

Dr. Pokriva was deposed and his deposition was admitted into evidence. Thereafter, the referee issued his decision, concluding that Employer failed to carry its burden of proving that Claimant recovered from his work-related injuries and was able to return to work. The referee denied the

1. Section 435 of the Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. § 991(d)(iii).

termination petition. Thereafter the referee ordered Employer to pay:

> the claimant total disability compensation benefits ... from May 7, 1986, the date Your Referee had granted the [Employer's] Supersedeas request, to the present [2] and continuing into the future until the claimant's disability changes or ceases within the terms and provisions of the Act.... *Pursuant to Section 435 of the Act there is no interest awarded on the deferred payments of compensation due to the claimant's unreasonable delay in the instant proceedings.*

Referee's decision, at 9 (emphasis added). Claimant appealed to the Board, which affirmed.

On appeal to this court,[3] Claimant raises one issue, which he states as follows: whether under Section 435(d)(iii) a referee can "disallow all of a claimant's statutory interest for a short period of unexcused delay on the part of a claimant." Section 435(d)(iii) provides:

> (iii) Claimants shall forfeit any interest that would normally be payable [4] to them with respect to any period of unexcused delay which they have caused.

Claimant argues that under Section 435(d)(iii) "[a] referee has the discretion to disallow claimant's interest only for that period of unexcused delay caused by the claimant. The

**2.** The referee ordered a suspension of benefits for three periods during which Claimant had been employed.

**3.** Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Magayna v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.),* 115 Pa.Commonwealth Ct. 268, 539 A.2d 952 (1988).

**4.** Interest is normally payable at a rate of 10 per centum for compensation payments which have been deferred beyond 21 days. Section 406.1 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. § 717.1. *Becerra v. Workmen's Compensation Appeal Board (Leaseway Systems),* 137 Pa.Commonwealth Ct. 362, 586 A.2d 485 (1991) and *Frymiare v. Workmen's Compensation Appeal Board (D. Pileggi & Sons),* 105 Pa.Commonwealth Ct. 325, 524 A.2d 1016 (1987), *petition for allowance of appeal denied,* 518 Pa. 644, 542 A.2d 1372 (1988).

legislature would not have included the language 'with respect to any period' if it had intended that a claimant forfeit all interest if there was an unexcused delay caused by the claimant." Claimant's brief at 8–9.

Initially, we note that a referee has broad powers and responsibilities to expeditiously conduct and dispose of cases. Where, as here, a referee has found that the Claimant has caused unreasonable delay, this court must accept this finding without engaging in speculation as to what parts of a proceeding it affected. Claimant's contention would mandate an imposition of penalties only during specific periods regardless of the effect of unreasonable delay on subsequent proceedings.

Both parties cite *Scheffer v. Workmen's Compensation Appeal Board (San Juan Credit Furniture)*, 75 Pa.Commonwealth Ct. 644, 463 A.2d 96 (1983), which involved a petition for payment of medical bills. At the initial hearing, the employer offered to pay these bills directly to the medical providers. The claimant rejected this offer, and three more hearings were held at which claimant's counsel sought payment directly to himself. The referee awarded medical costs but denied interest based on his finding that the claimant delayed the proceeding "through his attorney, in insisting that the medical providers not be paid directly and in failing to be prepared to try the case in less than four hearings." *Scheffer*, 75 Pa.Commonwealth Ct. at 647–648, 463 A.2d at 98. We upheld the referee's order that all interest was forfeited.

*Scheffer* recognizes that a claimant's dilatory conduct which rises to the level of unreasonable delay can cause delay throughout a proceeding and justify a forfeiture of all interest.

Accordingly, we affirm.

## ORDER

AND NOW, April 30, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.