Ronald JOHNAKIN, Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (CITY OF PHILADELPHIA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted June 21, 2002.

Decided Aug. 29, 2002.

Stephen A. Sawyer, Philadelphia, for petitioner.

Paula A. Patrick, Philadelphia, for respondent.

Before SMITH–RIBNER, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Ronald Johnakin (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board) affirming the decision of a workers' compensation judge (WCJ) granting Claimant's claim petition for compensation benefits and denying the award of statutory interest on those benefits for the period of January 7, 2000 to September 20, 2000 pursuant to Section 435(d)(iii) of the Pennsylvania Workers' Compensation Act (Act).[1] We affirm.

On April 25, 1999, Claimant suffered a disfiguring injury while in the course and scope of his employment as a fire captain for the City of Philadelphia (Employer). On October 2, 1999, Claimant filed a claim petition for compensation benefits for the injury. On October 27, 1999, Employer filed an answer to the petition denying all of the material allegations raised therein.

On November 23, 1999, a hearing was conducted before a WCJ on Claimant's petition. *See* N.T. 11/23/99 at 3–23. At the conclusion of the hearing, the record of the proceedings on Claimant's petition was closed. *Id.* at 22.

On April 17, 2000, Employer filed a Proposed Findings of Fact, Conclusions of Law, Discussion and Proposed Order which stated, in pertinent part:

10. Claimant's brief was due on or about January 11, 2000 and [Employer]'s brief was due thirty (30) days thereafter. Claimant has failed to timely file his brief therefore if there is any recovery for Claimant, Claimant's delay in failing to comply with order of the court is not charged to [Employer]. Claimant's interest is limited to February, 2000.

Exhibit J–1 at 4, 5.

On September 20, 2000, Claimant filed a Brief, Proposed Findings of Fact, Conclusions of Law and Order which stated, in pertinent part:

## B. *INTEREST*

Claimant acknowledges recent case law that interest on disfigurements are payable from the date the scars are deemed permanent. *Carlettini v. W.C.A.B. (City of Philadelphia)*, 714 A.2d 1113 (Pa.Cmwlth.1998). Here, claimant testified credibly that by the time he filed this petition on September 29, 1999, the scars had been settled into their permanent appearance for several months. N.T., at 12–13. Consequently, interest on past benefits should accrue

---

1. Act of June 2, 1915, P.L. 736, *as amended,* added by Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. § 991(d)(iii). Section 435(d)(iii) of the Act states:

(d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:

\* \* \*

(iii) Claimants shall forfeit any interest that would normally be payable to them with respect to any period of unexcused delay which they have caused.

Claimant was entitled to statutory interest of 10% pursuant to Section 406.1(a) of the Act which states, in pertinent part, that "[i]nterest shall accrue on all due and unpaid compensation at the rate of ten per centum per annum . . ." 77 P.S. § 717.1(a).

as of September 29, 1999. The compensation, however, should be payable retroactive to the injury date of April 25, 1999. Also, the employer's argument that interest is waived by any filing of claimant's brief outside the suggested time table is not supported by any case law. Even if claimant never filed a brief, an award in favor of claimant would still entitle claimant to interest. Exhibit J–2 at 7–8.

On October 5, 2000, the WCJ issued a decision in which he made the following relevant findings of fact: (1) Claimant's average weekly wage was $588.00; (2) Claimant sustained a serious and permanent disfigurement to his forehead and right temple which is of such character and extent as to produce an unsightly appearance; (3) such a disfiguring injury is not usually incident to Claimant's employment; and (4) the disfigurement is of such a nature as to entitle Claimant to 70 weeks of compensation benefits. *See* WCJ Decision at 3.

Based on the foregoing, the WCJ made the following conclusions of law:

1. Claimant has sustained a serious and permanent disfigurement of such character and extent as to produce an unsightly appearance. Such disfiguring injury is not usually incident to Claimant's employment and is therefore compensable under Section 306(22) of the [Act].

2. Claimant is entitled to receive compensation for seventy (70) weeks at the rate of $588.00 per week for said serious and permanent disfigurement. Statutory interest shall begin to accrue as of

November 23, 1999, the date the [WCJ] observed the disfigurement and found it to be permanent. See [*Carlettini*].

3. Employer's request for forfeiture of interest for Claimant's delay in filing a brief is granted. Statutory interest shall not be paid for the period Claimant's brief was overdue: January 7, 2000 to September 20, 2000.

*Id.*

As a result, the WCJ issued an order: (1) granting Claimant's claim petition; (2) directing Employer to pay compensation benefits for a period of 70 weeks at the rate of $588.00 per week; (3) directing Employer to pay statutory interest for the periods set forth in the conclusions of law; and (4) directing Employer to pay Claimant's litigation costs. *Id.* at 4.

On October 27, 2000, Claimant filed an appeal from the WCJ's decision with the Board. On February 8, 2002, the Board issued an opinion and order affirming the WCJ's decision. Claimant then filed the instant petition for review.[2]

The sole claim raised by Claimant in this appeal is that the Board erred in affirming that portion of the WCJ's decision denying the award of statutory interest on his compensation benefits for the period of January 7, 2000 to September 20, 2000 pursuant to Section 435(d)(iii) of the Act. In particular, Claimant contends that the penalty provisions of Section 435(d)(iii) only apply to actions on the part of a claimant which result in delays while the record is still open in a case. Because the record was closed before any delay occurred in this case, Claimant contends that the only sanction that could be imposed by the

---

2. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Miller v. Workmen's Compensation Appeal Board* *(Fischbach & Moore),* 139 Pa.Cmwlth. 393, 590 A.2d 1325 (1991); *Scheffer v. Workmen's Compensation Appeal Board (San Juan Credit Furniture),* 75 Pa.Cmwlth. 644, 463 A.2d 96 (1983).

WCJ is that provided for in Section 131.101 of the Special Rules of Administrative Practice and Procedure Before Referees (Regulations).[3] Specifically, Claimant asserts that the only sanction that the WCJ could have imposed in this case was to dispose of his petition without further notice or consideration of his brief. We do not agree.

In affirming the WCJ's decision in this case, the Board stated the following, in pertinent part:

> After a careful review of the record, we discern no error in the WCJ's conclusion that Claimant was not entitled to interest during the time his brief was overdue. Claimant's failure to file his brief by January 7, 2000 presumably delayed the WCJ's Decision in this case. A WCJ has broad powers and responsibilities to expeditiously conduct and dispose of matters. [*Miller*]. Claimant does not explain his more than eight-month delay in filing his brief. Therefore, it is appropriate that interest not be charged against [Employer] during this period of unexcused delay.

Board Opinion at 3. We agree with this analysis.

As noted above, Section 435(d)(iii) specifically confers upon the WCJ "[t]he power to impose penalties as provided herein for violations of the provisions of this act *or such rules and regulations or rules of procedure* ...", and specifically states that "[c]laimants shall forfeit any interest that would normally be payable to them with respect to any period of unexcused delay which they have caused ..." 77 P.S. § 991(d)(iii) (emphasis added). Thus, by its very terms, Section 435(d)(iii) of the Act specifically empowered the WCJ to withhold interest for the period of delay which was solely attributable to the Claimant and which was a violation of Section 131.101 of the Regulations.[4]

In addition, contrary to Claimant's assertion, there is absolutely no limitation in Section 435(d)(iii) that the delay must have occurred prior to the close of the record in the case. In short, the Board did not err in affirming the WCJ's decision in this case, and Claimant's claim to the contrary is without merit.

---

3. 34 Pa.Code § 131.101. Section 131.101 of the Regulations provides, in pertinent part:
   **§ 131.101. Briefs and findings of fact.**
   (a) The referee may require or parties may submit proposed findings of fact, conclusions of law and legal briefs or memoranda to the referee for review and consideration.
   (b) Submissions referred to in subsection (a) shall be made within the time specified by the referee, but not later than 30 days following the close of the record.
   (c) Briefs and findings of fact not filed with the referee under this section will not be considered unless, in advance of the date specified in this section, a request for extension of time has been made to, and granted by, the referee for good cause shown. Failure to comply with this subsection will result in disposition of the proceeding without further notice or consideration of the brief or findings of fact of the party failing to comply ...
   34 Pa.Code § 131.101(a)—(c).

4. *See, e.g., Miller*, 590 A.2d at 1326–1327 ("[A] referee has broad powers and responsibilities to expeditiously conduct and dispose of cases. Where, as here, a referee has found that the Claimant has caused unreasonable delay, this court must accept this finding without engaging in speculation as to what parts of a proceeding it affected ... *Scheffer* recognizes that a claimant's dilatory conduct which rises to the level of unreasonable delay can cause delay throughout a proceeding and justify a forfeiture of all interest."); *Scheffer*, 463 A.2d at 99 ("[S]ection 435(d)(iii) of the Act, 77 P.S. § 991(d)(iii), provides in part that claimants shall forfeit interest with respect to any period of unexcused delay which they have caused. In that the referee specifically found that the delay in the disposition of the instant case was caused by the claimant, we cannot conclude that it was error to deny interest to the claimant.").

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this *29th* day of *August*, 2002, the order of the Workers' Compensation Appeal Board, dated February 8, 2002 at No. A00–2868, is affirmed.

## DISSENTING OPINION BY Judge SMITH–RIBNER.

I respectfully dissent from the majority's conclusion that the Workers' Compensation Judge properly penalized Ronald Johnakin by the forfeiture of over eight months of interest due him because of his failure to timely file a brief after the close of the record and within the time frame prescribed by the WCJ. While not excusing Johnakin's failure to file his brief, I do not believe that the WCJ should have allowed that failure to delay the disposition of this case for over eight months, and, accordingly, I do not believe that Johnakin's failure can be considered the cause of the delay.

It is important to recall that allowing Johnakin to collect the interest due him is not tantamount to charging the City of Philadelphia (Employer) for the delay. Interest payments compensate the claimant for the loss of the use of the funds during the contest. *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board*, 62 Pa.Cmwlth. 424, 437 A.2d 771 (1981). They are not a penalty to the employer; rather interest payments put the claimant in the same position as if no contest had been made. *Id.* Thus the question before the Court is not which party should be forced to pay for the delay. Rather, the question is whether Johnakin should be penalized. Notably, the Court in *Fisk v. Workmen's Compensation Appeal Board (General Electric)*, 159 Pa. Cmwlth. 542, 633 A.2d 1305 (1993), held

that the imposition of penalties for delay in payment of compensation was improper against an employer who, among other things, failed to timely file proposed findings of fact and conclusions of law within the time frame that the referee prescribed. The Court affirmed the Board's decision to reverse the referee's imposition of penalties because no evidence was presented to establish that the employer violated the Workers' Compensation Act.

Johnakin's failure to file a brief cannot be considered the cause of the delay within the meaning of Section 435(d)(iii) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of February 8, 1972, P.L. 25, 77 P.S. § 991(d)(iii), because the WCJ should never have allowed that failure to delay the proceeding. The WCJ certainly should not have allowed it to delay the proceeding in excess of eight months. Instead, the WCJ was authorized and empowered to dispose of the proceeding without further notice or consideration of a brief from Johnakin, and that is all that the WCJ should have done. That is precisely the result provided for in the Board's regulations at 34 Pa.Code § 131.101, which state in pertinent part as follows: "Failure to comply with this subsection [concerning the failure to timely file briefs] will result in disposition of the proceeding without further notice or consideration of the brief or findings of fact of the party failing to comply."

As the majority correctly notes, a WCJ has "broad powers and responsibilities to expeditiously conduct and dispose of cases." *Miller v. Workmen's Compensation Appeal Board (Fischbach & Moore)*, 139 Pa.Cmwlth. 393, 590 A.2d 1325, 1326 (1991). I cannot agree, however, that a WCJ correctly exercises those powers and responsibilities by allowing a proceeding to languish over eight months and then pe-

nalizing the claimant for the delay. Moreover, no evidence was presented to show that the claimant violated the Workers' Compensation Act in failing to file his brief within the time prescribed by the WCJ. *Fisk.* For the foregoing reasons, I dissent.