**Elizabeth YESPELKIS, Petitioner**

v.

**WORKER'S COMPENSATION APPEAL BOARD (PULMONOLOGY ASSOCIATES INCORPORATED and AmeriHealth Casualty), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 25, 2009.

Decided Dec. 4, 2009.

George J. Badey, III, Philadelphia, for petitioner.

Stacey M. Merkin, Philadelphia, for respondent, AmeriHealth Casualty.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

The novel issue in this acrimonious workers' compensation appeal is whether an employer engages in an unreasonable contest where it files a penalty petition against a claimant.

In particular, Elizabeth Yespelkis (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming as modified an order of a Workers' Compensation Judge (WCJ). Pulmonology Associates, Inc. (Employer) filed a petition for penalties against Claimant alleging a violation of the WCJ's 2007 decision granting Employer reimbursement of its accrued subrogation lien against Claimant's third party recovery. The WCJ found no statutory basis for Employer's petition but denied Claimant's request for attorney fees. Claimant appeals. We reverse and remand for the reconsideration of unreasonable contest attorney fees.

In January, 2003, Claimant sustained a work injury when she slipped and fell on property owned by Paoli Memorial Hospital (Hospital). Claimant began receiving workers' compensation benefits as a result of her fall.

While receiving workers' compensation benefits, Claimant and her then husband initiated a civil action against Hospital. Claimant's husband raised a loss of consortium claim. In July, 2006, Claimant and her husband settled the personal injury suit against the Hospital for $575,000. Apparently, the settlement did not apportion the proceeds between Claimant's cause of action and that of her husband. Because Claimant and her husband were divorcing, the settlement proceeds were placed into escrow pending equitable distribution of the marital estate. As of October 3, 2006, Employer had an accrued lien of $109,908.23 against Claimant's personal injury settlement.

In March, 2007, the WCJ found Employer entitled to reimbursement of its accrued subrogation lien and a credit against future compensation *"when Claimant's third party action is released to her for payment."* (WCJ's 2007 Order). Original Record (O.R.), Employer's Ex. 1 (WCJ's Dec., 3/17/07, at 2) (emphasis added). The WCJ's 2007 Order also required Claimant's counsel to provide Employer with information necessary to calculate its accrued lien and future credit against Claimant's workers' compensation benefits. *Id.* Neither party appealed.

Nine months later, in December, 2007, Employer filed the instant penalty petition against Claimant. In its petition, Employer alleged Claimant's counsel violated the WCJ's 2007 Order by failing to provide Employer with the information necessary to calculate its lien and future credit. Employer also alleged Claimant violated the WCJ's Order by failing to complete the third party agreement. O.R., Item 1.

At hearing, counsel placed their positions on the record and offered several exhibits into evidence. Employer offered the WCJ's 2007 Order in support of its penalty petition. Employer's counsel maintained Claimant failed to reimburse Employer in violation of the WCJ's 2007 Order. However, the WCJ reminded the parties that Claimant's compliance with his 2007 Order was wholly dependent on release of the third party settlement as part of equitable distribution of the marital estate. The WCJ, however, lacked jurisdiction over the divorce proceedings.

For his part, Claimant's counsel challenged Employer's right to file a penalty petition. Concomitantly, Claimant's counsel sought unreasonable contest attorney fees. *See* O.R., Claimant's Exs. 3 (Affidavit of Counsel) and 4 (Fee Agreement).

The WCJ denied Employer's penalty petition. However, he found the information Employer sought was reasonable given the status of other pending petitions. The WCJ therefore denied Claimant's request for unreasonable contest attorney fees. On Claimant's appeal, the Board modified the WCJ's order to award Claimant litigation costs but otherwise affirmed.

In this appeal,[1] Claimant seeks unreasonable contest attorney fees. She assigns error in the WCJ's conclusion Employer's penalty petition was reasonable. She asserts the mere filing of a penalty petition was unreasonable as a matter of law. In the alternative, Claimant maintains Employer failed to meet its burden of proof on the penalty petition to establish a reasonable contest. Notably, no party raises an issue about the penalty petition itself; therefore, we view the decision on the merits of the penalty petition as final.

Where a claimant succeeds in a litigated case, she is entitled to reasonable attorney fees pursuant to Section 440 of the Workers' Compensation Act (Act)[2] unless the employer meets its burden of establishing facts sufficient to prove a reasonable basis for its contest. *Hansen v. Workers' Comp. Appeal Bd. (Stout Road Assocs.),* 957 A.2d 372 (Pa.Cmwlth.2008). The issue of whether an employer's contest was reasonable is a legal conclusion based on the WCJ's findings of fact. *Id.* The reasonableness of an employer's contest depends on whether the contest was prompted to resolve a genuinely disputed issue or merely to harass the claimant. *City of Phila. v. Workers' Comp. Appeal Bd. (Cospelich),* 893 A.2d 171 (Pa.Cmwlth. 2006), *appeal denied,* 592 Pa. 761, 923 A.2d 411 (2007).

Because the issue of whether Employer's contest was reasonable arises in the context of a penalty petition, we examine the Act's penalty provisions. The purpose of the penalty provisions is to provide the Department of Labor and Industry

---

1. Our review is limited to determining whether the record supports the necessary findings of fact, or whether the WCJ erred as a matter of law or violated the parties' constitutional rights. *Johnakin v. Workers' Comp. Appeal Bd. (City of Phila.),* 806 A.2d 950 (Pa.Cmwlth. 2002).

2. Act of June 2, 1915, P.L. 736, *as amended,* added by the Act of February 8, 1972, P.L. 25, 77 P.S. § 996.

(Department) with the powers and mechanisms needed to enforce the Act. *Graphic Packaging, Inc. v. Workers' Comp. Appeal Bd. (Zink),* 929 A.2d 695 (Pa.Cmwlth.), *appeal denied,* 595 Pa. 404, 938 A.2d 987 (2007). While the penalty provisions mainly address employer misconduct, the Act does allow the imposition of a penalty against a claimant. In particular, Section 435(d)(iii) of the Act[3] provides in relevant part:

> The [D]epartment, the board, or any court which may hear any proceedings brought under this [A]ct shall have the power to impose penalties as provided herein for violations of the provisions of this [A]ct or such rules and regulations or rules of procedure:
>
> . . .
>
> (iii) Claimants shall forfeit any interest that would normally be payable to them with respect to any period of unexcused delay which they have caused.

The issue of whether a claimant forfeits interest on unpaid disability benefits normally arises in the context of claim proceedings. *See generally Johnakin v. Workers' Comp. Appeal Bd. (City of Phila.),* 806 A.2d 950 (Pa.Cmwlth.2002); *Bethlehem Steel Corp. v. Workers' Comp. Appeal Bd. (Graaf),* 768 A.2d 1237 (Pa. Cmwlth.2001); *Frymiare v. Workmen's Comp. Appeal Bd. (D. Pileggi & Sons),* 105 Pa.Cmwlth. 325, 524 A.2d 1016 (1987); *Scheffer v. Workmen's Comp. Appeal Bd. (San Juan Credit Furniture),* 75 Pa. Cmwlth. 644, 463 A.2d 96 (Pa.Cmwlth. 1983); *see also Miller v. Workmen's Comp. Appeal Bd. (Fischbach & Moore),* 139 Pa.Cmwlth. 393, 590 A.2d 1325 (1991) (claimant's unreasonable delay in termination proceedings resulted in forfeiture of interest on unpaid disability benefits).

 The Act does not provide the procedures whereby a claimant's right to interest may be challenged, and the above cases indicate the forfeiture of interest may be raised by the WCJ when fashioning an award. Nevertheless, we are not convinced this is the only manner in which the issue of interest forfeiture may arise.

More particularly, the Special Rules for Administrative Practice and Procedure before Workers' Compensation Judges (WCJ Rules) set forth procedures governing penalty proceedings. Relevantly, Section 131.121(a) of the WCJ Rules provides that "[p]enalty proceedings may be initiated *by a party* filing a petition for penalties as provided in § 131.32 (relating to petitions except petitions for joinder and challenge proceedings)." 34 Pa.Code § 131.121(a) (emphasis added). In turn, Section 131.5 of the WCJ Rules defines a "party" as "[a] claimant, defendant, *employer,* insurance carrier, additional defendant, [or] health care provider and, if relevant, the Commonwealth and the Uninsured Employers Guaranty Fund." 34 Pa.Code § 131.5 (emphasis added). The WCJ Rules further defines "penalty proceeding" as "[a] proceeding governed by section 435(d) of the [A]ct (77 P.S. § 991(d))." *Id.* Thus, the WCJ Rules clearly authorize any party, including an employer, to utilize the penalty procedures.

 In light of the fact the Act authorizes the imposition of a penalty against a claimant, and the WCJ Rules permitting any party to avail itself of the penalty procedures, we cannot hold that the mere filing of a penalty petition against a claimant presents unreasonable contest as a matter of law.

Nevertheless, the Act limits the penalty which may be imposed against a claimant to the forfeiture of interest. 77 P.S.

---

**3.** Added by the Act of February 8, 1972, P.L. 25, 77 P.S. § 991(d)(iii).

§ 991(d)(iii).[4] Employer used a Department form in submitting its petition. The form has limitations in unusual situations such as the present case. However, the petition does not make clear that Employer sought forfeiture of interest, nor was that point explained at the only hearing on this petition.[5]

In addition, Employer failed to prove either Claimant or her counsel violated the WCJ's 2007 Order. First, Employer asserted Claimant failed to forward documented cost information from the third party action. However, Employer offered no proof on this point. Second, Employer alleged that Claimant failed to complete the third party agreement. There is nothing in the WCJ's 2007 Order, however, requiring completion of a third party agreement.[6]

Similarly, Employer failed to prove the settlement proceeds were released to Claimant and she failed to reimburse Employer for its subrogation interest. The WCJ's 2007 Order specifically conditioned payment of Employer's subrogation lien on the release of the settlement proceeds during equitable distribution. O.R., Employer's Ex. 1, at 2. Employer therefore failed to establish a factual predicate of Claimant's violation.

Despite the foregoing, the WCJ found that the Employer's request for documented cost information was reasonable "given the status of other petitions being litigated by the parties." WCJ's Dec., 5/15/08, Finding of Fact 5. Although Claimant's counsel refers to other pending matters between the parties in his written argument, there is nothing in the record which explains the WCJ's reference to other pending petitions. More importantly, there is no indication how the information sought would affect any outstanding petitions. Without further explanation, the WCJ's observation cannot support a conclusion of reasonable contest.

Clearly, the litigation between the parties has been conflagrant and persistent. We understand the hesitation of the beleaguered compensation authorities to add fuel to the fire with the current petition. Nevertheless, our responsibility is to conduct *de novo* review of questions of law, and there is not enough detail or explanation to support a conclusion of reasonable contest.

---

4. Another sanction which may be imposed against a claimant is found in the WCJ Rules at Section 131.101, relating to briefs and findings of fact. Where the WCJ requires the submission of briefs and findings of fact and a party fails to timely comply with the WCJ's order, the WCJ may refuse to consider the party's filings. 34 Pa.Code § 131.101(c).

5. In its brief, Employer contends it requested 50% of Claimant's share of the personal injury proceeds in its penalty petition. However, a review of the petition discloses Employer left that section of the form blank. Original Record (O.R.), Item 1, at 2. Similarly, Claimant maintains Employer, in its letter brief to the WCJ, sought the same relief. Claimant's Br. at 14. However, the parties' letter briefs are not in the certified record. This Court may not consider evidence that is not part of the certified record on appeal. *Lausch v. Unemployment Comp. Bd. of Review*, 679 A.2d 1385 (Pa.Cmwlth.1996); *Croft v. Unemployment Comp. Bd. of Review*, 662 A.2d 24 (Pa. Cmwlth.1995). Nonetheless, we note the forfeiture of interest is limited to interest owing on disability benefits. 77 P.S. § 991(d)(iii). The Act does not authorize a WCJ to turn over interest on a claimant's third party settlement to an employer.

6. Employer asserts Claimant delayed her divorce proceedings in order to retain the funds due Employer under its lien. We have not considered Employer's argument because it lacks any evidentiary support. *See Bingnear* (appellate court is confined to record before it, excluding matters or facts asserted in briefs).

■ In sum, we conclude the filing of a penalty petition against a claimant is not unreasonable as a matter of law. Here, however, Employer failed to establish a factual basis upon which to initiate penalty proceedings, and the record does not support the WCJ's conclusion of reasonable contest. We therefore reluctantly reverse the Board's order and remand this matter for reconsideration of unreasonable contest attorney fees against Employer. The WCJ shall issue findings of fact on the unreasonable contest issue. We leave to the discretion of the WCJ whether to receive additional evidence or to take official notice/judicial notice of the parties' pending proceedings. We contemplate no further proceedings involving the merits of the penalty petition.

## ORDER

**AND NOW,** this 4th day of December, 2009, the order of the Workers' Compensation Appeal Board is hereby **REVERSED** and this matter is **REMANDED** for the reconsideration of unreasonable contest attorney fees in accord with the foregoing opinion.

Jurisdiction is relinquished.